Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
akaufman@grayreed.com
lwebb@grayreed.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § | Case No. 24-80035 (SWE) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, AND STATEMENTS OF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. ON FEBRUARY 28, 2024.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 28, 2024, AT 9:30 A.M. IN EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 3, DALLAS, TEXAS, 75242.**

**PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE EVERETT'S HOME PAGE. THE MEETING CODE IS 476 420 189. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE EVERETT'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

## Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs as required by section 521 of the Bankruptcy Code (as defined herein) and rule 1007 of the Bankruptcy Rules (as defined herein) (collectively, the "Schedules and Statements") by an additional nineteen (19) days, for a total of thirty-three (33) days from the Petition Date (as defined herein), without prejudice to the Debtors' ability to request additional extensions; and (b) granting related relief.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

5. The Debtors operate one of the largest privately held retail consumer finance companies in the United States. Through its Cash Store® brand, the Debtors offer their customers an array of financial products and consumer-lending services, including cash advances, installment loans and title loans. The Debtors utilize an innovative mix of financial technology (fintech) through its online customer portal and brick-and-mortar financial products and services through its 181 retail locations across Texas, Idaho and Wisconsin.

6. On February 25, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed.

7. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in the *Declaration of Karen Nicolaou, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**Basis for Relief**

8. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require debtors to file their Schedules and Statements within 14 days after their petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." *See* Fed. R. Bankr. P. 1007(c) ("[A]ny extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ."); Fed. R. Bankr. P. 9006(b) (providing that "when an act is required . . . to be done at or within a specified time by [the Bankruptcy Rules] . . . , the court for cause shown may at any time in its discretion" extend the specified time period).

9. Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted). Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, and thus the extension of time for cause shown is within this Court's equitable powers.

10. The Debtors submit that ample cause exists to grant the relief requested herein. Completing the Schedules and Statements requires the Debtors and their advisors to spend considerable time and effort to collect, review, and assemble copious amounts of information in addition to attending to the daily demands of the chapter 11 process. In the days leading up to the Petition Date, the Debtors focused primarily on preparing for these chapter 11 cases, including negotiating with certain creditor constituencies, and thus the Debtors' management and

professionals were not in a position to complete the Schedules and Statements as of the Petition Date. Postpetition, the substantial amount of work entailed in completing the Schedules and Statements will be directly competing with the demands upon the Debtors' personnel to address critical operational matters during the initial postpetition period.

11. Focusing the attention of key personnel and advisors on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

12. Accordingly, the Debtors request a nineteen-day extension of their deadline to file Schedules and Statements, through and including March 29, 2024. Prior to filing this Motion, the Debtors conferred with the Office of the U.S. Trustee, which consents to the relief requested herein. The U.S. Trustee has scheduled the Debtors' 341 meeting of creditors for April 5, 2024. The requested extension ensures that the Schedules and Statements will be on file at least seven days prior to the meeting of creditors.

**Notice**

13. The Debtors will provide notice of this motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the proposed lender(s) under the proposed debtor in possession credit facility; (d) the lenders under the Debtors' prepetition term loan agreement; (e) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 25th day of February, 2024.

**GRAY REED**

By: */s/ Lydia R. Webb*
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
akaufman@grayreed.com
lwebb@grayreed.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on February, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Lydia R. Webb*
Lydia R. Webb

**Certificate of Conference**

I certify that on February 23, 2024, I conferred with Asher Bublick, Trial Attorney at the Office of the U.S. Trustee for the Northern District of Texas. The U.S. Trustee consents to the relief requested herein.

*/s/ Lydia R. Webb*
Lydia R. Webb

# **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § | Case No. 24-80035 (SWE) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | **Re: Docket No. ___** |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the time period to file their Schedules and Statements, and (b) granting related relief; all as more fully set forth in the

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The time within which the Debtors must file their Schedules and Statements is extended by an additional nineteen (19) days, for a total of thirty-three (33) days after the Petition Date, through and including March 29, 2024. This extension is without prejudice to the Debtors' right to further extend the date by which the Debtors are required to file the Schedules and Statements by filing an agreed stipulation with the U.S. Trustee with the Court.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the Northern District of Texas are satisfied by such notice.

5. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Lydia R. Webb
Texas Bar No. 24083758
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
akaufman@grayreed.com
lwebb@grayreed.com

*Proposed Counsel to the Debtors and Debtors in Possession*