Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:      jbrookner@grayreed.com
            akaufman@grayreed.com
            lwebb@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | ) | Case No. 24-80035 (SWE) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN LEASES, (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. ON FEBRUARY 28, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 28, 2024, AT 9:30 A.M. IN EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 3, DALLAS, TEXAS, 75242.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075).  The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE EVERETT'S HOME PAGE. THE MEETING CODE IS 476 420 189. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE EVERETT'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The above-captioned debtors and debtors in possession (the "Debtors) respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):   (a) authorizing the rejection of certain of their prepetition unexpired leases of nonresidential real property (collectively, the "Leases") set forth on Exhibit 1 to the Order, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property, and (c) granting related relief.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

4854-0521-9737

Northern District of Texas (the "<u>Local Rules</u>"), and paragraph 34 of the Procedures for Complex

Cases in the Northern District of Texas (the "<u>Complex Case Procedures</u>").

<u>**Background**</u>

5.     The Debtors operate one of the largest privately held retail consumer finance

companies in the United States.   Through its Cash Store® brand, the Debtors offer their

customers an array of financial products and consumer-lending services, including single

payment cash advances, installment cash advances and title loans.   The Debtors utilize an

innovative mix of financial technology (fintech) through its online customer portal and brick-

and-mortar financial products and services through its 181 retail locations across Texas, Idaho

and Wisconsin.

6.     On February 25, 2024 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.   The Debtors are operating as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   Concurrently with

the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation

and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).   No

request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and

no committees have been appointed.

7.     A detailed description of the Debtors and their businesses, and the facts and

circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in the

*Declaration of Karen Nicolaou, Chief Restructuring Officer, in Support of Chapter 11 Petitions*

*and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and

incorporated herein by reference.

3

## The Debtors' Unexpired Leases

8.      As of the Petition Date, the Debtors are party to 230 leases of real property where the Debtors have conducted their businesses.  The Debtors have evaluated all these leases to determine whether such leases should be rejected as part of the chapter 11 process.  To that end, the Debtors have determined in a good-faith exercise of their business judgment to reject the leases listed on Exhibit 1 to the Order (the "Leases").

*9.*      The Debtors have determined in their business judgment that the costs of the Leases exceed any marginal benefits that could potentially be achieved from assignments of such Leases.  The majority of the Leases are the Debtors' retail locations—locations that are either are not profitable, are no longer operating, or are in the process of winding down operations.  Prior to the proposed rejection of the Leases, the Debtors paid approximately $1,050,000 per month to lease their store locations.  If rejection of the Leases as of the Petition Date is approved, the Debtors' monthly store rental obligations will be reduced to approximately $850,000. Given that the retail locations governed by these Leases are either already shut down prepetition or are winding down business and will no longer be operating postpetition, there is no benefit to the Debtors' estates, creditors, or parties in interest in maintaining such Leases.

10.      Before the Petition Date, the Debtors notified each affected landlord in writing of their unequivocal and irrevocable decision to surrender the premises and property and turn over keys, key codes, and security codes, if any, to each affected landlord, providing the landlords with opportunity to mitigate any rejection damages arising from the rejection of the applicable Lease.  This Motion shall serve as further notice to reiterate the Debtors' immediate surrender of the premises pursuant to the terms of each Lease listed in Exhibit 1, effective as of the Petition Date.  Accordingly, to reduce postpetition administrative costs, and in the exercise of their sound

4854-0521-9737

business judgment, the Debtors have determined that rejecting the Leases, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and their creditors.

11.     The Debtors do not believe there is any valuable property remaining on the premises for the Leases sought to be rejected by this motion.  The property to be abandoned consist of safes secured to the ground and file cabinets.  The Debtors have determined that the property is of inconsequential value to the estate, or that the cost of removing and storing such property outweighed any potential benefit of retaining such property.  Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of the property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**Basis for Requested Relief**

**I.      The Rejection of Leases Is in the Best Interests of the Debtors' Estates.**

12.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.  11 U.S.C. § 365(a).  Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment."  *See, e.g.*, *In re Senior Care Centers, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard.") (citation omitted); *In re TM Vill., Ltd.*, No. 18-32770, 2019 WL 1004571, at *10 (Bankr. N.D. Tex. Feb. 28, 2019) ("A debtor must satisfy his fiduciary duty to . . . creditors and equity holders, by articulating some business justification for using, selling, or leasing the property outside the ordinary course of business.") (internal quotations and alternations omitted) (citation omitted).

5

13.    The Debtors have determined, in their sound business judgment, that rejection of the Leases set forth on Exhibit 1 attached to the Order are central to the Debtors' reorganization process.  The Debtors have carefully reviewed the revenues generated and expenses incurred at the Leases and determined, in their business judgment, that the Leases are not necessary to an effective reorganization of the Debtors' business.  In the sound exercise of their business judgment, the Debtors have determined that the rejection of the Leases is in the best interests of their estates and creditors.

## II.    Retroactively Effective Relief May Be Sought Where Appropriate.

14.    Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  In the Fifth Circuit, the general rules is that the effective date of rejection is the date of entry of the court order rejecting the leases.  *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (citations omitted). However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing-of-the-equities" standard.  *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (explaining that "nothing precludes a bankruptcy court, based on the equities of the case, from approving the . . . rejection of a non-residential real property lease retroactively to an earlier date" and granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the [motions to reject the leases]"); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection and holding that a court may grant retroactive relief "where the equities of a case warrant, the court has the power to grant the rejection retroactively").

6

15.     Here, the balance of equities favors the rejection of the Leases effective as of the Petition Date.  Without such relief, the Debtors would potentially incur unnecessary administrative expenses related to the Leases.  *See* 11 U.S.C. § 365(d)(3).  The landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date—possession of the premises was delivered to each respective landlord on, or prior to, the Petition Date with an unequivocal and irrevocable statement of surrender and abandonment of the premises to such landlord.  Further, by this Motion, the landlords are receiving notice of the Debtors' intention to reject the Leases and tender immediate possession of the applicable premises.  In the event the Debtors are unable to turn over possession of a particular premises on or before the Petition Date, as anticipated, the effective date of the rejection of such Lease shall be no earlier than the date the Debtors turn over the premises.

16.     The Debtors will cause notice of this Motion to be served on the affected landlords, thereby allowing each party sufficient opportunity to respond accordingly.  The Debtors have sought the relief requested as soon as possible in these chapter 11 cases and do not seek to reject the Leases effective as of the Petition Date due to any undue delay on their own part.  Accordingly, the Debtors respectfully submit that the Court deem the Leases identified on Exhibit 1 to the Order rejected effective as of the Petition Date.

**III.    Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.**

17.     Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Any property to be abandoned at the premises of certain Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for such property.  Accordingly, the

4854-0521-9737

abandonment of such property is in the best interests of the Debtors, their estates, and their

creditors, and parties in interest will have sufficient notice of such abandonment.

## Bankruptcy Rules 6006(c) and 6007(a)

18.    The Debtors request that the Court enter an order providing that notice of the

relief requested herein satisfies Bankruptcy Rules 6006(c) and 6007(a).

## Reservation of Rights

19.    Nothing contained herein or any actions taken pursuant to such relief requested is

intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of

any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy

law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any

grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any

particular claim is of a type specified or defined in this Motion or any order granting the relief

requested by this Motion or a finding that any particular claim is an administrative expense claim

or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code, other than the relief requested

in the Motion; (f) an admission as to the validity, priority, enforceability, or perfection of any lien

on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or

limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or

any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common

law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion

are valid, and the rights of all parties in interest are expressly reserved to contest the extent,

validity, or perfection or seek avoidance of all such liens.  If the Court grants the requested relief,

any payment made pursuant to the Court's order is not intended and should not be construed as

an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### Notice

20.     The Debtors will provide notice of this motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the proposed lender(s) under the proposed debtor in possession credit facility; (d) the lenders under the Debtors' prepetition term loan agreement; (e) the counterparties to the Leases; (f) United States Attorney's Office for the Northern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 25th day of February, 2024.

**GRAY REED**

By:  */s/ Lydia R. Webb*
    Jason S. Brookner (TX Bar No. 24033684)
    Aaron M. Kaufman (TX Bar No. 24060067)
    Lydia R. Webb (TX Bar No. 24083758)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:      jbrookner@grayreed.com
            akaufman@grayreed.com
            lwebb@grayreed.com
*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Service**

I certify that on February 25, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Lydia R. Webb*
Lydia R. Webb

4854-0521-9737

**<u>Exhibit A</u>**

**Proposed Order**

4854-0521-9737

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**



| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § | Case No. 24-80035 (SWE) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING THE REJECTION OF
CERTAIN LEASES, (II) AUTHORIZING THE ABANDONMENT
OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in

possession (the "Debtors") for entry of an order (this "Order"), (a) authorizing the rejection of

certain Leases set forth on **Exhibit 1** hereto, (b) authorizing the abandonment of any *de minimis*

equipment, furniture, and other personal property, and (c) granting related relief, all as more fully

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075).  The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Leases set forth on **Exhibit 1** hereto are rejected effective as of the Petition Date.

3.      The Debtors are authorized to abandon property, if any, that may be located at the premises and all such property is deemed abandoned effective as of the Petition Date.  The applicable counterparty to each Lease may effectuate its rights and remedies with respect to such property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4854-0521-9737

4.      Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract or unexpired lease by separate motion or pursuant to a chapter 11 plan.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an executory contract or lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular executory contract or lease is terminated and is no longer an executory contract or unexpired lease, respectively.

7.      Notwithstanding the relief granted in this Order pursuant to the Motion and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable

3

law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(c) and 6007(a), and the Local Rules are satisfied by such notice.

10.     The requirements of Bankruptcy Rule 6006(f) have been satisfied.

11.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # # END OF ORDER # # #

4854-0521-9737

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:           jbrookner@grayreed.com
                    akaufman@grayreed.com
                    lwebb@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

5

## **Exhibit 1**

**Rejected Leases**

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| AGP Assets Inc<br>c/o SVN/DFW Summit<br>3000 Race St, Ste 100<br>FT Worth TX 76111<br><br>(v) (817) 288-5525<br>(e) jeff.watson@svn.com | Cottonwood Financial Texas LLC | C/S#0765<br>3050 W Camp Wisdom Rd, Ste 200<br>Grand Prairie TX 75052 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Baco Investments Inc<br>1225 Port Houston St<br>Houston TX 77029<br><br>(v) (832) 874-5577<br>(e) bacoinvestments@actionragsusa.com | Cottonwood Financial Texas LLC | C/S#0789<br>11400 Gulf Fwy, Ste A<br>Houston TX 77034 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Bellaire Bissonnet Ltd<br>PO Box 56783<br>Houston TX 77256-6783<br><br>(v) (713) 621-3079<br>(e) jay@jaykaplaninc.com | Cottonwood Financial Texas LLC | C/S#7106<br>5212 Bellaire Blvd<br>Bellaire TX 77401 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| BJL Properties LLC<br>PO Box 684<br>Liberty Lake WA 99019<br><br>(v) (509) 998-1773<br>(e) bjl4321@aol.com | Cottonwood Financial Idaho LLC | C/S#0803X<br>675 Kootenai Cut Off Rd, Ste D<br>Ponderay ID 83852 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Boekweg Real Estate Holdings LLC<br>c/o Reid Peevey Commercial Real Estate<br>2420 Wycon Drive, Suite 301<br>Waco TX 76712<br><br>(v) (254) 709-0456<br>(e) randy@reidpeevey.com | Cottonwood Financial Texas LLC | C/S#7229<br>231 Enterprise Blvd, Ste 1<br>Hewitt TX 76643 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Buckner Jubilee Investments Group LLC<br>c/o The Weitzman Group<br>3102 Maple Ave, Ste 500<br>Dallas TX 75201<br><br>(v) (214) 720-3634<br>(e) cbrown@weitzmangroup.com | Cottonwood Financial Texas LLC | C/S#0723<br>9208 E R L Thornton Fwy, Ste 207B<br>Dallas TX 75228 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| CA New Plan Fixed Rate Partnership LP<br>c/o Brixmor Property Group<br>Attn: General Counsel<br>450 Lexington Ave, FL 13<br>New York NY 10017<br><br>w/COPY TO:<br>CA New Plan Fixed Rate Partnership LP<br>c/o Brixmor Property Group<br>Attn: VP of Legal Svcs<br>1525 Faraday Ave, Ste 350<br>Carlsbad CA 92008<br><br>(v) (713) 660-4352<br>(e) angela.hernandez@brixmor.com | Cottonwood Financial Texas LLC | C/S#7140R<br>12520 Westheimer Rd, Ste E<br>Houston TX 77077 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Carney Texarkana LP<br>c/o Carney Mgt Co Inc<br>4500 Bowling Blvd, Ste 250<br>Louisville KY 40207<br><br>(v) (502) 893-3366<br>(e) mcarney@carneymanagement.com | Cottonwood Financial Texas LLC | C/S#7194<br>410 Walton Drive<br>Texarkana TX 75501 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Chanthol S Baer<br>2105 W Gay Ave<br>Gladewater TX 75647<br><br>(v) (903) 452-1091<br>(e) chantholsam@yahoo.com | Cottonwood Financial Texas LLC | C/S#7509<br>101 E Upshur Ave<br>Gladewater TX 75647 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

2

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Cypress Shopping Center LLC c/o Spigel Properties Inc 70 NE Loop 410, Ste 185 San Antonio TX 78216 (v) (210) 801-8514 (e) tori@spigelproperties.com | Cottonwood Financial Texas LLC | C/S#7211 12220 Jones Rd, Ste E Houston TX 77070 | Safe; Filing cabinet(s) | February 25, 2024 |
| Danny Foix 2620 Southwest Pkwy Wichita Falls TX 76308 (v) (940) 733-7177 (e) dfgasman@nts-online.net | Cottonwood Financial Texas LLC | C/S#0718 3900 Sheppard Access Rd Wichita Falls TX 76306 | Safe; Filing cabinet(s) | February 25, 2024 |
| DCTN3 Texas Portfolio No. 1 LLC c/o N3 Real Estate 1240 N Kimball Ave Southlake TX 76092 (v) (817) 552-6795 (e) crodriguez@n3realestate.com | Cottonwood Financial Texas LLC | C/S#0740 2025 S Dumas Ave, Ste 300A Dumas TX 79029 | Safe; Filing cabinet(s) | February 25, 2024 |
| Deer Park Station LP c/o The Weitzman Group 1800 Bering Dr, Ste 550 Houston TX 77057 (v) (713) 781-7111 (e) creed@weitzmangroup.com | Cottonwood Financial Texas LLC | C/S#7204 9001 Spencer Highway, Ste C La Porte TX 77571 | Safe; Filing cabinet(s) | February 25, 2024 |
| EG Hulen/Oakmont LLC c/o Cassco Mgt Co LLC 4200 S Hulen St, Ste 614 FT Worth TX 76109 (v) (817) 731-7396 (e) sheryl@casscoland.com | Cottonwood Financial Texas LLC | C/S#0751 6270 Oakmont Blvd FT Worth TX 76132 | Safe; Filing cabinet(s) | February 25, 2024 |

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Eldridge Crossing Ltd<br>c/o Property Commerce Mgt Co<br>8811 Gaylord Dr, Ste 200<br>Houston TX 77024<br><br>(v) (832) 804-8508<br>(e) mroberts@propertycommerce.com | Cottonwood Financial Texas LLC | C/S#7132<br>12621 FM 1960 Rd W<br>Houston TX 77065 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| EQYInvest Owner I Ltd LLP<br>c/o Global Realty & Mgt TX Inc<br>15866 Champion Forest Dr<br>Spring TX 77379<br><br>(v) (281) 840-5363<br>(e) eglackman@gfinvestments.com | Cottonwood Financial Texas LLC | C/S#7197<br>1456 Fry Rd<br>Houston TX 77084 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Estes Center LLC<br>Attn: Mark Nelon<br>6257 Glennox Lane<br>Dallas TX 75214<br><br>(v) (214) 871-9746<br>(e) hcigeneral@sbcglobal.net | Cottonwood Financial Texas LLC | C/S#0755<br>710 Estes Dr, Ste 104<br>Longview TX 75602 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Frankford Crossing Shopping Center Dallas TX LP<br>c/o Glazer Properties<br>270 Commerce Dr<br>Rochester NY 14623-3506<br><br>(v) (585) 359-3000<br>(e) gburnham@glazer.com | Cottonwood Financial Texas LLC | C/S#0791<br>4701 Frankford Rd, Ste 213<br>Dallas TX 75287 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| GMA IDAHO LLC<br>c/o Thornton Oliver Keller Commercial RE<br>250 S 5th ST, 2nd Floor<br>Boise ID 83702<br><br>(v) (208) 947-0809<br>(e) debbie@tokcommercial.com | Cottonwood Financial Idaho LLC | C/S#0808<br>7476 W State St<br>Boise ID 83703 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Hal R. Dixon Trust<br>c/o Black Realty Management Inc<br>801 W Riverside Avenue, Suite 510<br>Spokane WA 99201<br><br>(v) (509)-622-3519<br>(e) jlarsen@blackrealtymgt.com | Cottonwood Financial Idaho LLC | C/S#0811X<br>3134 E Mullan Ave, Ste D<br>Post Falls ID 83854 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Harrison Brothers Properties<br>c/o KM Realty Management LLC<br>5555 San Felipe St, Ste 510<br>Houston TX 77056<br><br>(v) (713) 275-2614<br>(e) amada@kmrealty.net | Cottonwood Financial Texas LLC | C/S#7201<br>16702 Stuebner Airline Rd, Ste C<br>Spring TX 77379 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| I Southwest REC Ltd<br>Attn: Mark Cohen<br>5330 Alpha Rd, Ste 200<br>Dallas TX 75240<br><br>(v) (972) 991-9590<br>(e) mark@centerpointcp.com | Cottonwood Financial Texas LLC | C/S#0714R<br>1707 S Valley Mills Drive<br>Waco TX 76711 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Jack Brown Family III LP<br>PO Box 28159<br>Austin TX 78755<br><br>(v) (512) 413-9060<br>(e) paulbjbc@aol.com | Cottonwood Financial Texas LLC | C/S#7206<br>9139 Grissom Road<br>San Antonio TX 78251 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| James A Kissler LLC<br>c/o Colliers International<br>755 W Front Street, Suite 300<br>Boise ID 83702<br><br>(v) (208) 345-6321<br>(e) lisa.weise@colliers.com | Cottonwood Financial Idaho LLC | C/S#0818<br>3780 W State St<br>Boise ID 83703 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| JANPAC LLC<br>16800 W Cleveland Ave<br>New Berlin WI 53151<br><br>(v) (262) 923-7300<br>(e) amancuso@wisconsinvision.com | Cottonwood Financial Wisconsin LLC | C/S#0238<br>1256 N Port Washington Rd<br>Grafton WI 53024 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| JBL Clear Lake LLC *(et al)*<br>c/o JBL Asset Mgt LLC<br>2028 Harrison St, Ste 202<br>Hollywood FL 33020<br><br>(v) (954) 323-8757<br>(e) george@jblmgmt.com<br><br>Parent Co:  Highland Shopping Center LLC LL *(et al)*: JBL Clear Lake LLC (64.9%) and JBL Clear Lake Harvest LLC (35.1%) | Cottonwood Financial Texas LLC | C/S#7139<br>1006 Bay Area Blvd<br>Houston TX 77058 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| KRG Houston Sawyer Heights LLC<br>c/o Kite Realty Group LP<br>Attn:  Legal Dept<br>30 S Meridian St, Ste 1100<br>Indianapolis IN 46204<br><br>(v) (713) 496-3877<br>(e) estensgaard@kiterealty.com | Cottonwood Financial Texas LLC | C/S#7124<br>1901 Taylor St, Ste A<br>Houston TX 77007 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| LBIF Holdings LLC<br>c/o CSM Groups<br>10190 Katy Freeway, Suite 350<br>Houston TX 77043<br><br>(v) (713) 266-8799<br>(e) f.yousuf@csmgroup.org | Cottonwood Financial Texas LLC | C/S#7111R2<br>9375 W FM 1097, Ste 300<br>Willis TX 77318 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Lee Cowan<br>22334 Briarcliff Drive<br>Spicewood TX 78669<br><br>W/COPY TO:<br>Lee Cowan<br>304 Errol Drive<br>Spicewood TX 78669<br><br>(v) (512) 636-3872<br>(e) lscowan44@gmail.com | Cottonwood Financial Texas LLC | C/S#7514<br>100 E Marshall Ave<br>Longview TX 75601 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| LeRoy Investments LLC<br>c/o LTR Investments LLC<br>6415 County Road C<br>Sun Prairie WI 53590<br><br>(v) (680) 393-4468<br>(e) support@ltrinvest.com | Cottonwood Financial Wisconsin LLC | C/S#0229<br>1515 Madison Ave<br>Fort Atkinson WI 53538 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| LTD West Belt Group Ltd<br>c/o Bluebonnet Properties<br>1001 S Dairy Ashford Rd, Ste 175<br>Houston TX 77077<br><br>(v) (713) 924-8499<br>(e) support@bbpmc.com | Cottonwood Financial Texas LLC | C/S#0769<br>9404 W Sam Houston Pkwy S, Ste D<br>Houston TX 77099 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

7

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| MaxCap Investment Group LLC<br>c/o Escom Properties Inc<br>3700 74th Ave N<br>Brooklyn Park MN 55443<br><br>(v) (763) 424-0153<br>(e) blandry@escomproperties.com | Cottonwood Financial Wisconsin LLC | C/S#0228<br>146 Crossroads Dr<br>Plover WI 54467 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| North Shopping Center LLC<br>c/o Republic Central Realty Inc<br>400 N Sam Houston Pkwy E, Ste 105<br>Houston TX 77060-3531<br><br>(v) (713) 410-7771<br>(e) ignacio@rcrcorp.com | Cottonwood Financial Texas LLC | C/S#7217<br>5675 Treaschwig Road<br>Spring TX 77373 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| PFNE Ltd<br>c/o Sabre Realty Mgt Inc<br>16475 Dallas Pkwy, Ste 800<br>Addison TX 75001<br><br>(v) (972) 931-7400<br>(e) carla@sabrerealty.com | Cottonwood Financial Texas LLC | C/S#0782<br>3797 Forest Ln, Ste 105A<br>Dallas TX 75244 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Pleasant Holdings LLC<br>c/o Genesis Investment Properties<br>2439 Kuser Road<br>Hamilton NJ 08650<br><br>(v) 609-571-6352<br>(e) ceicholtz@genesis-ip.com | Cottonwood Financial Wisconsin LLC | C/S#0231<br>7115 Durand Ave, Ste D2<br>Sturtevant WI 53177 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Pocatello F & G LP<br>c/o Frazee Enterprises<br>2907 Shelter Island Dr, Ste 105 #276<br>San Diego CA 92106<br><br>(v) (619) 225-1740<br>(e) tmartin@frazeeproperties.com | Cottonwood Financial Idaho LLC | C/S#0813<br>705 Yellowstone Ave, Ste B<br>Pocatello ID 83201 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4854-0521-9737

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| QEH Houston 290 LLC<br>c/o Wulfe Mgt Svcs Inc<br>1800 Post Oak Blvd, 6 BLVD PL, Ste 400<br>Houston TX 77056<br><br>(v) (713) 621-2229<br>(e) asims@wulfe.com | Cottonwood Financial Texas LLC | C/S#7108<br>7844 W Tidwell Rd, Ste 100<br>Houston TX 77040 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| Red River Pizza Properties LP<br>PO Box 353<br>Tioga TX 76271<br><br>(v) (940) 437-5590<br>(e) garriottrej@gmail.com | Cottonwood Financial Texas LLC | C/S#0735<br>960 N Beach St<br>FT Worth TX 76111 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| RH Three LP<br>c/o Gregory Commercial Inc<br>PO Box 7084<br>Dallas TX 75209<br><br>(v) (214) 369-1960<br>(e) susan.gregcom@gmail.com | Cottonwood Financial Texas LLC | C/S#0731<br>13249 Montfort Dr<br>Dallas TX 75240 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| San Angelo WM LLC<br>c/o Venture Commercial Management LLC<br>8235 Douglas Avenue, Suite 720<br>Dallas TX 75225<br><br>(v) (214) 378-1212<br>(e) mwright@venturedfw.com | Cottonwood Financial Texas LLC | C/S#7224<br>5150 Southland Blvd, Ste A<br>San Angelo TX 76904 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| SBV - Fox River LLC<br>100 N Pond Drive, Suite F<br>Walled Lake MI 48390<br><br>(v) 414-390-1403<br>(e) alee@midamericagrp.com | Cottonwood Financial Wisconsin LLC | C/S#0252<br>1180 W Sunset Dr Ste 100<br>Waukesha WI 53189 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

9

| Counterparty | Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| Spring Family Plaza LLC<br>1004 Kirby Drive<br>Houston TX 77019<br><br>(v) (713) 807-7339<br>(e) springfamilyplaza@gmail.com | Cottonwood Financial Texas LLC | C/S#7145<br>9466 Hammerly Blvd, Ste A<br>Houston TX 77080 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| TCB-Bear Creek LLC<br>c/o Newport Capital Partners Holding LLC<br>353 N Clark St, Ste 3625<br>Chicago IL 60654<br><br>(v) (312) 724-7035<br>(e) alan@newportcapitalptrs.com | Cottonwood Financial Texas LLC | C/S#7207<br>4927 Highway 6<br>Houston TX 77084 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| The Oaks of Rockport Venture Ltd<br>800 Wilcrest Dr, Ste 245<br>Houston TX 77042<br><br>(v) (832) 444-6777<br>(e) louis@src-properties.com | Cottonwood Financial Texas LLC | C/S#7133<br>2345 Highway 35 N<br>Rockport TX 78382 | Safe;<br>Filing cabinet(s) | February 25, 2024 |
| TxProp 1 LLC<br>5196 Hwy 276 W, Ste B LB 96<br>Royse City TX 75189<br><br>(v) (214) 240-9041<br>(e) lcrosby@safaridallas.com | Cottonwood Financial Texas LLC | C/S#7528<br>305-A South Greer Blvd<br>Pittsburg TX 75686 | Safe;<br>Filing cabinet(s) | February 25, 2024 |

4854-0521-9737