

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed February 29, 2024

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | ) | Case No. 24-80035 (SWE) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 5** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF EPIQ CORPORATE RESTRUCTURING, LLC
AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

Upon the application (the "Application"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order) authorizing the retention and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

4887-2666-4106

employment of Epiq Corporate Restructuring, LLC ("Epiq") as claims, noticing, and solicitation agent (the "Claims and Noticing Agent") in these Chapter 11 Cases, effective as of the Petition Date and granting related relief; all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application, and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application and the record of the hearing on such motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to employ Epiq under the terms of the Services Agreement attached to the Application as modified by this Order.

3. Epiq is authorized and directed to perform the services as described in the Application, the Services Agreement, and this Order. If a conflict exists, this Order controls.

4. Epiq may not sell bankruptcy data obtained through its role as the Claims and Noticing Agent to third parties.

5. The Clerk shall provide Epiq with Electronic Case Filing ("ECF") credentials that allow Epiq to receive ECF notifications, file certificates and/or affidavits of service.

6. Epiq is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these Complex Cases. Epiq shall maintain the official Claims Register(s) in these cases. Epiq must make complete copies of all proofs of claims available to the public electronically without charge. Proofs of claims and all attachments may be redacted only as ordered by the Court.

7. Epiq shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request.

8. Epiq shall provide (i) an electronic interface for filing proofs of claim in these cases, and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

9. Epiq is authorized to take such other actions as are necessary to comply with all duties and provide the services set forth in the Application and the Services Agreement.

10. Epiq shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing (together, the "Notice Parties").

11. Epiq shall not be required to file fee applications. Upon receipt of Epiq's invoices, the Debtors are authorized to compensate and reimburse Epiq for all undisputed amounts in the ordinary course in accordance with the terms of the Services Agreement; provided, however, that

the Notice Parties shall have a period of ten (10) calendar days to object to the amount of such invoice prior to the Debtors' payment of such amounts or such shorter time as agreed by the Notice parties. All amounts due to Epiq will be treated as § 503(b) administrative expenses. Epiq may apply its advance in accordance with the Services Agreement and the terms of this Order.

12. The Debtors shall indemnify Epiq under the terms of the Services Agreement, as modified and limited by this Order. Notwithstanding the foregoing, Epiq may only be indemnified for claims, noticing and solicitation agent activities and is not indemnified for, and may not receive any contribution or reimbursement with respect to the following:

    a. For matters or services arising before this case is closed, any matter or service not approved by an order of this Court.

    b. Unauthorized marketing activities or data or privacy breaches.

    c. Any matter that is determined by a final order of a Court of competent jurisdiction that arises from: (i) Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

    d. This paragraph does not preclude Epiq from seeking an order from this Court requiring the advancement of indemnity, contribution or reimbursement obligations in accordance with applicable law.

13. Epiq shall not cease providing services during these Complex Cases for any reason, including nonpayment, without an order of the Court. In the event Epiq is unable to provide the Services set out in this Order and/or the Services Agreement, Epiq will immediately notify the Clerk and the Debtors' attorney and cause all original proofs of claim and data turned over to such persons as directed by the Court.

14. Notwithstanding the provisions of this Order, in the event of conversion of these cases to a cases under chapter 7, nothing in this order prevents a chapter 7 trustee from seeking an order terminating Epiq's services.

15. After entry of an order terminating Epiq's services, upon the closing of these Complex Cases, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, or as otherwise directed and shall be compensated by the Debtors for such archiving services.

16. Prior to any increases in Epiq's rates for any individual retained by Epiq and providing services in these cases, excluding annual "step increases" historically awarded by Epiq in the ordinary course to employees due to advancing seniority and promotion, Epiq shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by the Court.

17. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. During the pendency of these cases the sole venue for resolving disputes under this engagement shall be the United States Bankruptcy Court for the Northern District of Texas.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Epiq's services may be altered only on separate motion and further order of this Court.

### END OF ORDER ###

<u>Submitted by</u>:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:         jbrookner@grayreed.com
                  akaufman@grayreed.com
                  lwebb@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*