Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:        jbrookner@grayreed.com
              akaufman@grayreed.com
              lwebb@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § § | Case No. 24-80035 (SWE) |
| Debtors. | § § § | (Jointly Administered) |

**NOTICE OF REVISED PROPOSED ORDER**

**PLEASE TAKE NOTICE** that attached to this Notice as **Exhibit A** is a revised proposed order granting the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365(a) and Fed. R. Bankr. P. 6006 (I) Authorizing the Assumption of Brokering and Servicing Agreement; and (II) Granting Related Relief* [Docket No. 15].

**PLEASE TAKE FURTHER NOTICE** that attached to this Notice as **Exhibit B** is a redline of the revised proposed order marked against the version filed at Docket No. 15.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

Respectfully submitted this 19th day of March, 2024.

**GRAY REED**

By:   */s/ Lydia R. Webb*
      Jason S. Brookner (TX Bar No. 24033684)
      Aaron M. Kaufman (TX Bar No. 24060067)
      Lydia R. Webb (TX Bar No. 24083758)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:      jbrookner@grayreed.com
             akaufman@grayreed.com
             lwebb@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

### Certificate of Service

I certify that on March 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

      */s/ Lydia R. Webb*
      Lydia R. Webb

4884-3556-8813

## Exhibit A

**Revised Proposed Order**

4884-3556-8813

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | ) ) | Case No. 24-80035 (SWE) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), AND 365(A) AND FED. R. BANKR. P. 6006 (I) AUTHORIZING THE ASSUMPTION OF A CLIENT SERVICES AGREEMENT, AS MODIFIED; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order authorizing the assumption of the *Amended and Restated Brokering and Services Agreement* (the "Agreement") attached to the Motion as **Exhibit B**, with TreeMac Funding Group, LLC ("TreeMac"), as modified by the terms set forth in this Order; and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4896-2277-9820.4

this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.  Pursuant to sections 105(a), 363(b) and 365(a) of the Bankruptcy Code, Cottonwood Texas is authorized to assume the Agreement, as modified by this Order. The Agreement (as modified herein) shall be binding and enforceable against the parties in accordance with their terms. To the extent Cottonwood Texas was in default of its obligations under the Agreement as of the Petition Date, any such defaults are cured by the modifications approved herein, and this Order serves as adequate assurances to TreeMac of Cottonwood Texas's future performance under the Agreement.

2.  Within seven (7) calendar days of entry of this Order, Cottonwood Texas shall remit to TreeMac the approximate amount of $2,100,000.00, which such amount shall be precisely determined upon agreement by Cottonwood Texas and TreeMac at the time such payment is made (the "Cure Payment").

3.  The Debtors and TreeMac shall continue to attempt to resolve the Accounting Dispute as follows:

   (a) By no later than April 30, 2024, the accounting firm previously engaged by the Debtors and TreeMac for separate scopes of work relating to the Accounting Dispute (the "Accountant") shall deliver a reconciliation to the Debtors and TreeMac reconciling amounts owing by and between the parties as a result of the Accounting Dispute for a sample period mutually agreed by Debtors and TreeMac (the "Reconciliation"). The Debtors shall provide the Prepetition Secured Lender, the DIP Lender and the U.S. Trustee with a copy of the Reconciliation.

   (b) The Debtors and TreeMac shall work together in good faith with the Accountant to determine the scope of the Reconciliation. Upon request, the Debtors and TreeMac shall provide the Accountant with information to assist with preparation of the Reconciliation.

   (c) TreeMac and the Debtors agree to be bound by the findings in the Accountant's Reconciliation; *provided, however*, that the parties reserve the right to come to a mutually agreeable settlement in advance of the Accountant's issuance of its Reconciliation.

   (d) TreeMac and the Debtors agree that the Accountant's services pursuant to this Order shall be subject to the terms of their respective agreements with Accountant relating to the Accounting Dispute, and such services shall in no way expand Accountant's liability to either the Debtors or TreeMac; *provided, however*, that the Debtors shall not pay any amounts to Accountant without further order of the Court.

   (e) In the event the Accountant finds that Cottonwood Texas owes TreeMac any amounts in respect of the Accounting Dispute, TreeMac shall be authorized to draw on the BOK Letter of Credit to satisfy such claim; *provided, however*, that the amount of such claim shall not exceed $771,007.46.

   (f) In the event the Accountant finds that TreeMac owes Cottonwood Texas any amounts in respect of the Accounting Dispute, TreeMac shall pay such amounts to Cottonwood Texas in cash within ten (10) days of submission of the Accountant's report; *provided, however*, that the amount of such claim shall not exceed $771,007.46.

4.  No cure amount is owed by Cottonwood Texas to TreeMac with respect to the Agreement other than the Cure Payment and to the extent determined by the process described in paragraph 3 above, any amounts arising from the Accounting Dispute.

5. Notwithstanding anything contained in any other agreement between the parties, TreeMac's program guidelines attached to the Agreement shall provide that the term "Default" as used therein, shall occur as follows:

    (a) Through and until the date that is seven (7) calendar days following entry of this Order:

        i. Default occurs immediately after a Borrower's failure to repay a Loan as agreed in the payment schedule of the Loan Documents for a period of 10 days or, immediately upon the return of a Borrower's Collateral Check if such Collateral Check is returned after the same 10-day period.

    (b) On the first day following the date that is seven (7) calendar days following entry of this Order:

        i. Subject to a five (5) day cure period, Default occurs upon the return of a Borrower's Collateral Check or upon a Borrower's failure to repay a Loan as agreed in the payment schedule of the Loan Documents. For the avoidance of doubt, Cottonwood is obligated to honor their individual letters of credit posted in favor of TreeMac six (6) days following the Default unless cured.

Notwithstanding anything to the contrary above, TreeMac may modify the Program Guidelines, including the definition of "Default," at any time and for any reason as set forth in the Agreement.

6. Upon entry of this Order and as provided in paragraph 8 below, the obligations of Cottonwood Texas under the Agreement shall constitute administrative expenses of Cottonwood Texas's estate pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

7. Nothing included or omitted in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates, subject to appropriate notice and a hearing and this Court's approval unless otherwise agreed to by the parties, to assign the Agreement, pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code; provided, however, that TreeMac shall retain any and all rights it has to object to such assignment.

4896-2277-9820.4

8. In the event a potential purchaser of Cottonwood Texas's assets does not take assignment of the Agreement, Cottonwood Texas shall have the right to terminate the Agreement upon five (5) business days prior written notice to TreeMac and entry of a final order approving the sale of Cottonwood Texas's assets. In the event of such termination, TreeMac shall be entitled to: (i) an allowed administrative expense claim for obligations under the Agreement related to loans originated between the Petition Date and the termination date; and (ii) an allowed general unsecured claim for all other obligations under the Agreement; *provided, however*, that TreeMac shall be permitted, without further notice or order of the Court, to draw on the BOK Letter of Credit to satisfy, in whole or in part, its allowed general unsecured claim.

9. If a purchaser does not take assignment of the Agreement, TreeMac agrees to use reasonable, good faith efforts to enter into a transition services agreement with the purchaser of Cottonwood Texas's assets, if requested, with assistance from Cottonwood Texas, subject to the purchaser's ability to perform all of the servicing obligations of Cottonwood Texas set forth in the Agreement.

10. Notwithstanding anything contained in any other agreement between the parties, including but not limited to the Master LOC Agreement, TreeMac confirms and agrees that no acceleration or maturation of any obligations under such agreements has occurred, or deemed to have occurred, solely as a result of the Debtors' insolvency or the commencement of these chapter 11 cases, and no amounts shall be immediately due and payable by Cottonwood Texas as a result thereof; *provided, however*, if Cottonwood Texas fails to cure any defaults that arise under the Agreement or the Master LOC Agreement postpetition, the Agreement is terminated by Cottonwood Texas, or these chapter 11 cases are dismissed or converted, or default by the Debtors under any cash collateral or debtor in possession financing order, or a bankruptcy trustee is

5

4896-2277-9820.4

appointed for the Debtors, TreeMac expressly reserves its rights and remedies under the Agreement, the Master LOC Agreement, the individual letters of credit and the BOK Letter of Credit.

11. Any dispute between Cottonwood Texas and TreeMac arising out of or related to the Agreement or the Master LOC Agreement shall be determined by the Bankruptcy Court.

12. The terms and conditions of this Order are immediately effective and enforceable upon their entry. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

13. Cottonwood Texas and TreeMac are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:         jbrookner@grayreed.com
                   akaufman@grayreed.com
                   lwebb@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**Exhibit B**

**Redline of Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: ) ) COTTONWOOD FINANCIAL LTD., *et al.*,[1] ) ) Debtors. ) ) | Chapter 11 Case No. 24-80035 (SWE) (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), AND 365(A) AND FED. R. BANKR. P. 6006 (I) AUTHORIZING THE ASSUMPTION OF A CLIENT SERVICES AGREEMENT, AS MODIFIED; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order authorizing the assumption of the *Amended and Restated Brokering and Services Agreement* (the "Agreement") attached to the Motion as **Exhibit B**, with TreeMac Funding Group, LLC ("TreeMac"), as modified by the terms set forth

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in this Order; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      Pursuant to sections 105(a), 363(b) and 365(a) of the Bankruptcy Code, Cottonwood Texas is authorized to assume the Agreement, as modified by this Order. The Agreement (as modified herein) shall be binding and enforceable against the parties in accordance with their terms. To the extent Cottonwood Texas was in default of its obligations under the Agreement as of the Petition Date, any such defaults are cured by the modifications approved herein, and this Order serves as adequate assurances to TreeMac of Cottonwood Texas's future performance under the Agreement.

2.      Within ~~two~~seven (~~2~~7) ~~business~~calendar days of entry of this Order, Cottonwood Texas shall ~~pay~~remit to TreeMac ~~[$●] (the "Cure Payment").~~ the approximate amount of $2,100,000.00, which such amount shall be precisely determined upon agreement by Cottonwood Texas and TreeMac at the time such payment is made (the "Cure Payment").

2

3. The Debtors and TreeMac shall continue to attempt to resolve the Accounting Dispute as follows:

(a) By no later than April 30, 2024, the accounting firm previously engaged by the Debtors and TreeMac for separate scopes of work relating to the Accounting Dispute (the "Accountant") shall deliver a reconciliation to the Debtors and TreeMac reconciling amounts owing by and between the parties as a result of the Accounting Dispute for a sample period mutually agreed by Debtors and TreeMac (the "Reconciliation"). The Debtors shall provide the Prepetition Secured Lender, the DIP Lender and the U.S. Trustee with a copy of the Reconciliation.

(b) The Debtors and TreeMac shall work together in good faith with the Accountant to determine the scope of the Reconciliation. Upon request, the Debtors and TreeMac shall provide the Accountant with information to assist with preparation of the Reconciliation.

(c) TreeMac and the Debtors agree to be bound by the findings in the Accountant's Reconciliation; *provided, however*, that the parties reserve the right to come to a mutually agreeable settlement in advance of the Accountant's issuance of its Reconciliation.

(d) TreeMac and the Debtors agree that the Accountant's services pursuant to this Order shall be subject to the terms of their respective agreements with Accountant relating to the Accounting Dispute, and such services shall in no way expand Accountant's liability to either the Debtors or TreeMac; *provided, however*, that the Debtors shall not pay any amounts to Accountant without further order of the Court.

(e) In the event the Accountant finds that Cottonwood Texas owes TreeMac any amounts in respect of the Accounting Dispute, TreeMac shall be authorized to draw on the BOK Letter of Credit to satisfy such claim; *provided, however*, that the amount of such claim shall not exceed $771,007.46.

(f) In the event the Accountant finds that TreeMac owes Cottonwood Texas any amounts in respect of the Accounting Dispute, TreeMac shall pay such amounts to Cottonwood Texas in cash within ten (10) days of submission of the Accountant's report; *provided, however*, that the amount of such claim shall not exceed $771,007.46.

4. No cure amount is owed by Cottonwood Texas to TreeMac with respect to the Agreement other than the Cure Payment and to the extent determined by the process described in paragraph 3 above, any amounts arising from the Accounting Dispute.

3

4884-1174-1606.5
4896-2277-9820.4

5. 3. Notwithstanding anything contained in any other agreement between the parties, TreeMac's program guidelines attached to the Agreement shall provide that the term "Default" as used therein, shall occur as follows:

(a) Through and until the date that is seven (7) calendar days following entry of this Order:

i. Default occurs immediately after a Borrower's failure to repay a Loan as agreed in the payment schedule of the Loan Documents for a period of 10 days or, immediately upon the return of a Borrower's Collateral Check if such Collateral Check is returned after the same 10-day period.

(b) On the first day following the date that is seven (7) calendar days following entry of this Order:

i. Subject to a five (5) day cure period, Default occurs immediately upon the return of a Borrower's Collateral Check or upon a Borrower's failure to repay a Loan as agreed in the payment schedule of the Loan Documents. For the avoidance of doubt, Cottonwood is obligated to honor their individual letters of credit posted in favor of TreeMac six (6) days following the Default unless cured.

Notwithstanding anything to the contrary above, TreeMac may modify the Program Guidelines, including the definition of "Default," at any time and for any reason as set forth in the Agreement.

6. 4. Upon entry of this Order and as provided in paragraph 8 below, the obligations of Cottonwood Texas under the Agreement shall constitute administrative expenses of Cottonwood Texas's estate pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

7. 5. Nothing included or omitted in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates, subject to appropriate notice and a hearing and this Court's approval unless otherwise agreed to by the parties, to assign the Agreement, pursuant to,

4

and in accordance with, the requirements of section 365 of the Bankruptcy Code; provided, however, that TreeMac shall retain any and all rights it has to object to such assignment.

8. 6. In the event a potential purchaser of Cottonwood Texas's assets does not take assignment of the Agreement or otherwise fails to enter into a transition services agreement with TreeMac to continue servicing the loan portfolio post-closing, Cottonwood Texas shall have the ability right to terminate the Agreement upon five (5) business days prior written notice to TreeMac and entry of a final order approving the sale of Cottonwood Texas's assets. In the event of such termination, TreeMac shall be entitled to: (i) an allowed administrative expense claim for obligations under the Agreement related to loans originated between the Petition Date and the termination date,; and (ii) an allowed general unsecured claim for all other obligations under the Agreement; *provided, however*, that TreeMac shall be permitted, without further notice or order of the Court, to draw on the BOK Letter of Credit to satisfy, in whole or in part, its allowed general unsecured claim.

9. 7. If a purchaser does not take assignment of the Agreement, TreeMac agrees to use reasonable, good faith efforts to enter into a transition services agreement with the purchaser of Cottonwood Texas's assets, if requested, with assistance from Cottonwood Texas, subject to the purchaser's ability to perform all of the servicing obligations of Cottonwood Texas set forth in the Agreement.

10. 8. Notwithstanding anything contained in any other agreement between the parties, including but not limited to the Master LOC Agreement, TreeMac confirms and agrees that no acceleration or maturation of any obligations under such agreements has occurred, or deemed to have occurred, solely as a result of the Debtors' insolvency or the commencement of these chapter 11 cases, and no amounts shall be immediately due and payable by Cottonwood

5

Texas as a result thereof; *provided, however*, if Cottonwood Texas fails to cure any defaults that arise under the Agreement or the Master LOC Agreement postpetition, the Agreement is terminated by Cottonwood Texas, or these chapter 11 cases are dismissed or converted, or default by the Debtors under any cash collateral or debtor in possession financing order, or a bankruptcy trustee is appointed for the Debtors, TreeMac expressly reserves its rights and remedies under the Agreement, the Master LOC Agreement, the individual letters of credit and the BOK Letter of Credit.

11.  Any dispute between Cottonwood Texas and TreeMac arising out of or related to the Agreement or the Master LOC Agreement shall be determined by the Bankruptcy Court.

12.  ~~9.~~ The terms and conditions of this Order are immediately effective and enforceable upon their entry. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

13.  ~~10.~~ Cottonwood Texas and TreeMac are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.  ~~11.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:    (214) 953-1332
Email:         jbrookner@grayreed.com
                   akaufman@grayreed.com
                   lwebb@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

7