Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:   jbrookner@grayreed.com
           akaufman@grayreed.com
           lwebb@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § Case No. 24-80035 (SWE) |
| Debtors. | § (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file their Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"). The Schedules and Statements were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* by the Debtors with the assistance of their advisors and are unaudited.

These *Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC ("Cottonwood Idaho") (5651); Cottonwood Financial Wisconsin, LLC ("Cottonwood Wisconsin") (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

(the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of the Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. To the extent that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

The Debtors and their professionals do not and cannot guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While diligent and reasonable efforts have been made to provide accurate and complete information in the Schedules and Statements, inadvertent errors or omissions may exist. In no event shall the Debtors or their professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their professionals are advised of the possibility of such damages.

These Global Notes are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Disclosure of information in one or more Schedules or Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**Global Notes and Overview of Methodology**

1. ***"As Of" Information Date***. On February 25, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   To the best of the Debtors' knowledge, the information provided herein represents the asset and liability data of the Debtors as of the Petition Date, except as otherwise noted. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

2. ***Reservations and Limitations.*** Diligent and reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (a) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, amending the Schedules and Statements with respect to the description or designation of any claim (each, a "Claim"); (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently

designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, or priority of any Claim (regardless of whether such Claim is designated in the Schedules and Statement as "disputed," "contingent," or "unliquidated").

Notwithstanding the Debtors' diligent and reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have inadvertently improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

Furthermore, nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including any rights or Claims of the Debtors against any third party or issues involving Claims, substantive consolidation, equitable subordination, recharacterization, or defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in the above paragraphs, nor shall it otherwise infringe upon the Debtors' rights to amend their Schedules and Statements at any time before these chapter 11 cases are closed, pursuant to Bankruptcy Rule 1009.

3. ***Claims Description.*** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."

> A claim that is dependent on the realization of some uncertain future event is a "**contingent**" claim.
>
> A claim, or portion of a claim, for which a specific value could not be readily quantified by the Debtor using currently available information is scheduled as "**unliquidated**."
>
> A claim with respect to which the applicable Debtor and the claimant disagree as to the amount owed, whether any amount is owed, or the claim classification, is "**disputed**."

Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any Claim reflected on their Schedules and Statements on any grounds,

3

including, but not limited to, amount, liability, priority, status, or classification. Additionally, the Debtors expressly reserve all rights to designate such Claims as "disputed," "contingent," or "unliquidated" at a later date. Moreover, listing a Claim does not constitute an admission of liability by the Debtors. The Debtors reserve all rights to amend the Schedules and Statement as necessary and appropriate, including, but not limited to, with respect to Claim description and designation.

4. **_Basis of Presentation_**. Information contained in the Schedules and Statements has been derived from the information provided by the Debtors' management. The Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and are not intended to reconcile fully with any financial statements prepared under GAAP. Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would otherwise be prepared under GAAP. To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statement is indicative of the Debtors' enterprise value.

5. **_Causes of Action_**. Despite making diligent and reasonable efforts to identify all known assets, the Debtors may not have identified or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or pursuant to any other theory (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action by the Debtors.

6. **_Book Value_**. Except as otherwise indicated, the Debtors, have made a good faith effort to list assets and liabilities based on book values as of the latest close of books and records or, where possible, through the Petition Date. The book values of certain assets may materially differ from their fair market values. Certain assets that have been fully depreciated or that were expensed for accounting purposes either may not appear in the Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not

4

constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any of the Debtors' rights with respect to such asset.

7. **Classifications.** Listing (a) a claim on Schedule D as "secured," (b) a claim on Schedule E/F as "priority," or (c) a claim on Schedule E/F as "unsecured," or (d) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims, contracts, or leases or to setoff such Claims.

8. **Court Orders**. Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain of the Debtors' ordinary course operational costs and employee compensation. Accordingly, certain liabilities may have been or may be satisfied in accordance with such First Day Orders and therefore, generally are not listed in the Schedules and Statements.

9. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

10. **Excluded Assets and Liabilities**. The Debtors may have excluded immaterial or *de minimis* assets and liabilities.

11. **Property Rights.** Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise expired by terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12. **Insiders.** In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals or entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing or omitting a party as an insider for purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that they are not an "insider" or "affiliate" under applicable law or with respect to any theories of liability or for any other purpose

13. ***Estimates***. To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, the Debtors were required to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statement, and the reported amounts of revenues and expenses during the applicable reporting periods. The Debtors reserve all rights to amend, supplement, or otherwise modify the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

14. ***Fiscal Year***. Each Debtor's fiscal year ends on December 31.

15. ***Currency***. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16. ***Executory Contracts and Unexpired Leases***. Although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of any contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to any contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

    Moreover, nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease or financing arrangement (including whether any lease or financing arrangement is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

17. ***Totals***. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise Undetermined Amounts, the actual total may be different from the listed total.

18. ***Unliquidated Claim Amounts.*** Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

19. ***Undetermined Amounts***. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

20. ***Liens.*** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

21. ***Confidential Information.*** Pursuant to that certain *Order (I) Authorizing the Debtors to Serve a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors, (II) Authorizing the Debtors to Redact Certain Personal Identification Information, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases, and (IV) Granting Related Relief*

6

[Docket No. 70] (the "Creditor Matrix Order"), the Bankruptcy Court has authorized the Debtors to redact certain personally identifiable information, such as home addresses of individuals and the names and addresses of the Debtors' customers.  To the extent the Debtors believe a claim, name, address, or amount falls under the purview of the Creditor Matrix Order, such information is not included in the Schedules and Statements.  The alterations or redactions, if any, are limited only to what the Debtors believe is warranted to comply with the Creditor Matrix Order.

22. **Setoffs.**  The Debtors may have incurred setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may have occurred due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or vendors.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

23. ***Cottonwood Financial Administrative Services, LLC.***  The Debtor Cottonwood Financial Administrative Services, *LLC* ("Cottonwood Financial") is the contracting entity for the majority, if not all, of the contracts with the Debtors.  To the extent a contract states that the party is "Cottonwood Financial," the Debtors believe this refer to Cottonwood Financial Administrative Services, LLC.  Additionally, although the Debtors' employees are employees of a specific Debtor entity, the employee wages and benefits, including 401k plans are paid by and are administered through Cottonwood Financial.  Cottonwood Financial also pays all or the majority of all of the Debtors' respective business expenses.

### Specific Disclosures with Respect to the Debtors' Schedules

1. **Schedule A/B, Question 2:**  For purposes of these Schedules, the Debtors have listed cash at the Debtors' stores on a consolidated basis for security purposes.

2. **Schedule A/B, Question 7:**  The Debtors believe that all posted utility deposits have either been refunded or applied to the Debtors' outstanding balances, and no deposits remain.  The Debtors reserve all rights to amend the Schedules to the extent that any deposits are identified that have not been refunded or applied to balances.

3. **Schedule A/B, Question 8:**  Prepayments represent entries from the Debtors' prepayment schedules and may not necessarily represent cash paid out as of the Petition Date.

4. **Schedule A/B, Questions 64 & 77:**  The Debtors have certain contractual rights under the Brokering and Servicing Agreement with TreeMac. Funding Group, LLC ("TreeMac").  The Debtor Cottonwood Financial Texas, LLC ("Cottonwood Texas") operates as a Credit Services Organization ("CSO") and a licensed Credit Access Business ("CAB") under Texas law.  Pursuant to a Brokering and Servicing Agreement with Cottonwood Texas,

7

TreeMac is the exclusive third-party lender for loans brokered by Cottonwood Texas to customers. Cottonwood Texas earns fees at the time a loan is originated, paid from a portion of the loan proceeds, and which are remitted to Cottonwood Texas pursuant to the settlement process with TreeMac in the ordinary course of business. Subsequent fees, including fees Cottonwood Texas earns for maintaining the letter of credit during the term of the loan, are paid to Cottonwood Texas directly by the customer. Cottonwood Texas's revenue from fees for performing its services under the Brokering and Servicing Agreement is scheduled at Schedule A/B question 64.

Further, if a customer defaults on its loan agreement with TreeMac, TreeMac demands payment from Cottonwood Texas under the terms of its individual letter of credit. Once the letter of credit is called, Cottonwood Texas pays TreeMac in full on the loan. Cottonwood Texas is then subrogated to the rights of TreeMac in the loan, and Cottonwood Texas seeks reimbursement from the borrower pursuant to the credit services agreement by and between Cottonwood Texas and the customer. Cottonwood Texas has scheduled this right of collection/reimbursement from the customer at Schedule A/B question 77.

5. ***Schedule D:***  The Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

6. ***Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims***. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and the priority status of any claim on any basis at any time. All claims listed on the Debtors' Schedule E/F are claims arising from tax obligations for which the Debtors may potentially be liable, and which may be subject to ongoing audits or other proceedings.

7. ***Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims***. The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F. Vendors may have invoiced the Debtors prior to the filing for postpetition services (*i.e.*, annual contracts). Liabilities related to such invoices have been prorated on Schedule E/F to solely reflect the asserted prepetition Claim.

8. ***Schedule G***. Customer contracts included on Schedule G, if any, are redacted pursuant to the Creditor Matrix Order, which authorizes the Debtors to redact both customer names and addresses.

8

4886-7781-6750

**Specific Disclosures with Respect to the Debtors' Statements**

1. ***Statement 3***.  Payments to the Debtors' bankruptcy professionals for work related to the bankruptcy are not included in the payments to creditors and are instead included in Statement 11.

2. ***Statements 4 & 30***.  Business Payments by the Debtors to or on behalf of their respective insiders for expense reimbursements, including credit card vendor payments, travel, meals and entertainment, are included in the amounts listed in Statement 4.

   Due to the nature of the Debtors' business operations, and the sheer number of transfers between and among the Debtors on a daily basis, Statement 4 does not include intercompany transfers between or among Debtors.

3. ***Statement 7:***  Information is listed, to the best of the Debtors' knowledge and information, regarding current, threatened, or pending litigation involving a Debtor.  The Debtors pursue collections against customers in the ordinary course of the Debtors' business.  Such collection matters have not been included in these Statements.

4. ***Statement 13***.  In the ordinary course of business, the Debtors sell defaulted customer loans and/or the right to collect on such loans to third-party buyers.  Statement 13 lists such transfers to the extent applicable to each Debtor entity.

5. ***Statement 17.***  The Debtors' 401k plan is administered under the Debtor Cottonwood Financial Administrative Services, LLC.

6. ***Statement 21:***  Pursuant to the Brokering and Servicing Agreement by and between Cottonwood Texas and TreeMac Cottonwood Texas brokers and assists customers in obtaining loans from TreeMac.  Cottonwood Texas also collects payments from such customers on behalf of TreeMac.  Cottonwood Texas and TreeMac have established a settlement process whereby funds collected from customers by Cottonwood Texas on behalf of TreeMac are remitted to TreeMac several business days after receipt.  Statement 21 shows the amount collected and held by Cottonwood Texas as of the Petition Date from customers between February 22 and February 25, 2024.

7. ***Statement 26d:***  In the ordinary course of business, the Debtors regularly provide financial information to regulators, state and federal agencies, and brokers to assist in obtaining and maintaining bonds to meet certain of the Debtors' regulatory requirements.

8. ***Statement 28.***  Cottonwood Financial Ltd. is the sole member of Cottonwood Financial, Cottonwood Texas, Cottonwood Wisconsin and Cottonwood Idaho.  Cottonwood Financial Management, Inc. is the sole general partner of Cottonwood Financial Ltd.  Trevor Ahlberg is President and CEO of Cottonwood Financial Management, Inc.

9. ***Statement 31***.  The Debtors' income and expenses are consolidated and tax returns for all Debtor entities are filed under Cottonwood Financial Ltd.

**Fill in this information to identify the case:**

Debtor: COTTONWOOD FINANCIAL LTD.

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known): 24-80035

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1: Income

1. **Gross revenue from business**
   ☒ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.
   ☒ None

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)
   ☐ None

   | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
   |---|---|---|---|
   | BANK OF TEXAS<br>ATTN: CHRISTOPHER HOUSTON<br>600 PENN ST<br>FORT WORTH, TX  76102 | 12/14/2023<br>01/16/2024<br>02/14/2024 | $5,511.53<br>$5,911.84<br>$4,599.05 | FEES<br>FEES<br>FEES |
   | TOTAL FOR BANK OF TEXAS | | $16,022.42 | |
   | **GRAND TOTAL:** | | **$16,022.42** | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).
   ☒ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.
   ☒ None

Debtor  COTTONWOOD FINANCIAL LTD.                                     Case number (if known) 24-80035
     (Name)

---

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

---

| Part 3: | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☐ None

   | Case title | Nature of case | Court or agency's name and address | Status of case |
   |---|---|---|---|
   | LATASHA WILSON V. COTTONWOOD FINANCIAL LTD.<br>**Case number**<br>19-SC-49193 | CONSUMER | WISCONSIN MILWAUKEE COUNTY CIRCUIT COURT | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
   | THOMAS ALSTON V. COTTONWOOD FINANCIAL LTD.<br>**Case number**<br>1:23-CV-00571 | CONSUMER | US DISTRICT COURT OF COLUMBIA | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
   | WENDY MASON V. COTTONWOOD FINANCIAL LTD.<br>**Case number**<br>2022CV000278 | CONSUMER | WISCONSIN WAUPACA COUNTY CIRCUIT COURT | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☑ None

---

| Part 4: | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ None

---

| Part 5: | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☑ None

---

| Part 6: | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☑ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ☑ None

---

13. **Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

## Part 7: Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | |
|---|---|---|
| 1901 GATEWAY DRIVE, SUITE 200<br>IRVING, TX 75038 | From 8/1/2018 | To 11/30/2021 |

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for :
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

## Part 9: Personal Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**
☐ No.
☒ Yes. State the nature of the information collected and retained.   NAME, ADDRESS, INCOME, FINANCIAL HISTORY, SSN, AND OTHER INFORMATION TYPICALLY COLLECTED FOR CREDIT CHECK.

Does the debtor have a privacy policy about that information?
☐ No
☒ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

| 21. | **Property held for another** |
|---|---|
| | List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property. |
| | ☒ None |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.
    ☒ No
    ☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**
    ☒ No
    ☐ Yes. Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
    ☒ No
    ☐ Yes. Provide details below.

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.
    ☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| COTTONWOOD FINANCIAL ADMINSTRATIVE SERVICES, LTD.<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 75-3069055<br>**Date business existed**<br>From: 5/15/2002     To: PRESENT |
| COTTONWOOD FINANCIAL ARIZONA, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3252357<br>**Date business existed**<br>From: 8/8/2005     To: 07/20/2023 |
| COTTONWOOD FINANCIAL AUSTIN CSO<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 84-3184008<br>**Date business existed**<br>From: 9/23/2019     To: PRESENT |
| COTTONWOOD FINANCIAL COLORADO, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3252478<br>**Date business existed**<br>From: 8/8/2005     To: 08/02/2023 |
| COTTONWOOD FINANCIAL EXECUTIVE, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 85-2474847<br>**Date business existed**<br>From: 11/20/2012     To: PRESENT |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| COTTONWOOD FINANCIAL IDAHO, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 33-1045651<br>**Date business existed**<br>From: 2/14/2003    To: PRESENT |
| COTTONWOOD FINANCIAL ILLINOIS, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3545375<br>**Date business existed**<br>From: 9/28/2005    To: PRESENT |
| COTTONWOOD FINANCIAL INVESTMENTS, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 26-1696654<br>**Date business existed**<br>From: 12/27/2007    To: PRESENT |
| COTTONWOOD FINANCIAL KANSAS, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3252556<br>**Date business existed**<br>From: 8/8/2005    To: 08/02/2023 |
| COTTONWOOD FINANCIAL MICHIGAN, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 27-0057219<br>**Date business existed**<br>From: 4/30/2003    To: PRESENT |
| COTTONWOOD FINANCIAL MISSOURI, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3536474<br>**Date business existed**<br>From: 9/22/2005    To: 07/20/2023 |
| COTTONWOOD FINANCIAL NEW MEXICO, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 27-0057220<br>**Date business existed**<br>From: 4/30/2003    To: PRESENT |
| COTTONWOOD FINANCIAL OHIO, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3200095<br>**Date business existed**<br>From: 7/20/2005    To: 07/20/2023 |
| COTTONWOOD FINANCIAL TEXAS, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 75-3069059<br>**Date business existed**<br>From: 5/14/2002    To: PRESENT |
| COTTONWOOD FINANCIAL UTAH, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 26-1366280<br>**Date business existed**<br>From: 11/2/2007    To: PRESENT |
| COTTONWOOD FINANCIAL VIRGINIA, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 20-3200349<br>**Date business existed**<br>From: 7/20/2005    To: 08/02/2023 |
| COTTONWOOD FINANCIAL WASHINGTON, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 26-1366803<br>**Date business existed**<br>From: 11/2/2007    To: 05/02/2011 |
| COTTONWOOD FINANCIAL WISCONSIN, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 26-1367075<br>**Date business existed**<br>From: 11/2/2007    To: PRESENT |
| WINDSOR CAPITAL TEXAS, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX  75038 | CONSUMER FINANCE | 47-2268566<br>**Date business existed**<br>From: 11/5/2014    To: 11/22/2022 |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| WINDSOR CAPITAL WISCONSIN, LLC<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX 75038 | CONSUMER FINANCE | 45-1074461<br>**Date business existed**<br>From: 7/19/2011    To: 11/22/2022 |

26. **Books, records, and financial statements**

    26a.  List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    
    ☐ None

| Name and address | Dates of service |
|---|---|
| ADAM ACKERMANN<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX 75038 | From JANUARY 2023    To PRESENT |
| JEREMY JAMES<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX 75038 | From 4/7/2021    To 6/24/2022 |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
   
   ☐ None

| Name and address | Dates of service |
|---|---|
| ARMANINO LLP<br>15950 N DALLAS PKWY #600<br>DALLAS, TX 75248 | From JANUARY 2013    To PRESENT |

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
   
   ☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ADAM ACKERMANN<br>2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX 75038 | |

   26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.
   
   ☐ None

| Name and address |
|---|
| SEE GLOBAL NOTE |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?
    ☒ None

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.
    ☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| COTTONWOOD FINANCIAL MANAGEMENT INC. | 2100 W. WALNUT HILL LN<br>SUITE 300<br>IRVING, TX 75038 | GENERAL PARTNER | 1.0% |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?
    ☒ None

Debtor COTTONWOOD FINANCIAL LTD  
(Name)

Case number (if known) 24-80035

| | |
|---|---|
| 30. | **Payments, distributions, or withdrawals credited or given to insiders**<br>Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?<br>☒ None |
| 31. | **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**<br>☐ None |

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| COTTONWOOD FINANCIAL LTD | 75-2671001 |

| | |
|---|---|
| 32. | **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**<br>☒ None |

Debtor    COTTONWOOD FINANCIAL LTD.                                   Case number (if known) 24-80035
      (Name)

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/29/2024.

✗ /s/ KAREN G. NICOLAOU
Signature of individual signing on behalf of the debtor

KAREN G. NICOLAOU
Printed Name

CHIEF RESTRUCTURING OFFICER
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes