Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:       jbrookner@grayreed.com
              akaufman@grayreed.com
              lwebb@grayreed.com

*Counsel to the Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § § | Case No. 24-80035 (SWE) |
| Debtors. | § § § | (Jointly Administered) |

**DEBTORS' SECOND EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN
LEASES, (II) AUTHORIZING THE ABANDONMENT OF
CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. ON MAY 13, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 13 2024, AT 9:30 A.M. IN EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 3, DALLAS, TEXAS, 75242.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075).  The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE EVERETT'S HOME PAGE. THE MEETING CODE IS 476 420 189. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE EVERETT'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The above-captioned debtors and debtors in possession (the "Debtors) respectfully state the following in support of this motion (this "Motion"):

## Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the rejection of certain of their leases of nonresidential real property (collectively, the "Leases"), which are set forth on Exhibit 1 to the Order, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property, and (c) granting related relief.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District

4855-4774-5722

of Texas (the "Local Rules"), and paragraph 34 of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

**Background**

5. The Debtors operate one of the largest privately held retail consumer finance companies in the United States. Through its Cash Store® brand, the Debtors offer their customers an array of financial products and consumer-lending services, including single payment cash advances, installment cash advances and title loans. The Debtors utilize an innovative mix of financial technology (fintech) through its online customer portal and brick-and-mortar financial products and services through its 181 retail locations across Texas, Idaho and Wisconsin.

6. On February 25, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed.

7. A detailed description of the Debtors and their businesses, and the facts and circumstances regarding the Debtors' chapter 11 cases, are set forth in the *Declaration of Karen Nicolaou, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 19] (the "First Day Declaration").

**The Debtors' Unexpired Leases**

8. Prior to the Petition Date, the Debtors were party to 230 leases of real property where the Debtors conducted their business. As part of these bankruptcy cases, the Debtors rejected 44 leases effective as of the Petition Date. *See Order (I) Authorizing the Rejection of Certain Leases, (II) Authorizing the Abandonment of Certain Property, and (III) Granting Related Relief* [Docket No. 109].

3

9. On March 22, 2024, the Court entered its *Order (A) Approving Bidding Procedures and Certain Bid Protections, (B) Scheduling a Bid Deadline, Auction, and Sale Hearing and Approving the Form and Manner of Notice Thereof, and (C) Approving Cure Procedures and the Form and Manner of Notice Thereof* [Docket No. 151] (the "Bidding Procedures Order"),[2] approving certain Bidding Procedures.

10. Pursuant to the terms of the Bidding Procedures Order, the Debtors selected Axcess Financial Holdings, LLC as the Successful Bidder (as defined in the Bidding Procedures Order) for the Debtors' assets. *See Notice of Designation of Successful Bidder* [Docket No. 246] (the "Notice of Successful Bidder"). The Successful Bidder's asset purchase agreement, attached to the Notice of Successful Bidder as Exhibit A (the "APA") sets forth the leases to be excluded by the Successful Bidder upon closing and consummation of the sale (the "Excluded Leases").

11. The Debtors now seek to reject the 29 Excluded Leases, which are set forth on Exhibit 1 attached to the Order. To the extent the Debtors have not yet vacated the Excluded Leases,[3] the Debtors intend to vacate the Excluded Leases by May 31, 2024. This Motion shall serve as notice regarding the Debtors' intent to surrender the premises pursuant to the terms of each lease listed in Exhibit 1, effective as of the date set forth therein.

12. Because these leases are listed as Excluded Leases by the Successful Bidder, the Debtors have determined that rejecting the Excluded Leases is in the best interests of the Debtors, their estates, and their creditors. Rejecting the Excluded Leases is a sound exercise of the Debtors' sound business judgment, as it will reduce postpetition administrative costs.

---

[2] Capitalized terms not defined herein have the meaning as defined in the Bidding Procedures Order.

[3] The Debtors previously vacated and tendered possession of the premises governed by the lease with 1901 Gateway Holdings, LLC (the "Gateway Lease") on April 30, 2024. As a result, the Debtors seek to reject the Gateway Lease as of April 30, 2024.

4

4855-4774-5722

13. Once vacated, the only remaining property on the premises of the Excluded Leases will consist of safes secured to the ground and file cabinets.[4] The Debtors have determined that this property is of inconsequential value to the estates, or that the cost of removing and storing such property outweighed any potential benefit of retaining such property. Accordingly, to reduce postpetition administrative costs and, in the exercise of their sound business judgment, the Debtors believe that the abandonment of the property that may be located at each of the premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## Basis for Requested Relief

**I. The Rejection of Excluded Leases Is in the Best Interests of the Debtors' Estates.**

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. 11 U.S.C. § 365(a). Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g.*, *In re Senior Care Centers, LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019) ("A court evaluates whether a lease should be assumed or rejected employing the business judgment standard.") (citation omitted); *In re TM Vill., Ltd.*, No. 18-32770, 2019 WL 1004571, at *10 (Bankr. N.D. Tex. Feb. 28, 2019) ("A debtor must satisfy his fiduciary duty to . . . creditors and equity holders, by articulating some business justification for using, selling, or leasing the property outside the ordinary course of business.") (internal quotations and alternations omitted) (citation omitted).

---

[4] Under the APA, the Buyer is buying the Purchased Assets listed in Section 2.1 of the APA, which Purchased Assets includes (but is not limited to) all Cash and Cash Equivalents and Accounts Receivable (as defined in the APA) currently located at, or associated with, the Debtors' sites subject to Excluded Leases.

5

15. The Debtors have determined, in their sound business judgment, that rejection of the Excluded Leases set forth on Exhibit 1 attached to the Order is helpful to the Debtors' reorganization process, as such rejection will facilitate the sale process with the Successful Bidder. The Successful Bidder has excluded these leases from leases to be assigned to them by and through the sale process. Therefore, in the sound exercise of their business judgment, the Debtors have determined that the rejection of the Excluded Leases is in the best interests of their estates and creditors.

16. The landlords will not be unduly prejudiced if the rejection is deemed effective as of the date set forth on Exhibit 1 to the Order. Possession of the premises was or will be delivered to each respective landlord on, or prior to such date with an unequivocal and irrevocable statement of surrender and abandonment of the premises to such landlord and an unequivocal statement of intent not to renew such Excluded Lease. Further, by this Motion, the landlords are receiving notice of the Debtors' intention to reject the Excluded Leases and tender possession of the applicable premises. In the event the Debtors are unable to turn over possession of a particular premises on or before the anticipated date, the effective date of the rejection of such Excluded Lease shall be no earlier than the date the Debtors turn over the premises.

17. The Debtors will cause notice of this Motion to be served on the affected landlords, thereby allowing each landlord sufficient opportunity to respond accordingly. The Debtors have sought the relief requested as soon as possible following entry into the APA and do not seek to reject the Excluded Leases due to any undue delay on their own part. Accordingly, the Debtors respectfully submit that the Court deem the Excluded Leases identified on Exhibit 1 to the Order rejected effective as of the date set forth therein.

4855-4774-5722

## II. **Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.**

18. Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Any property to be abandoned at the premises of certain Excluded Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for such property. Accordingly, the abandonment of such property is in the best interests of the Debtors, their estates, and their creditors, and parties in interest will have sufficient notice of such abandonment.

### **Bankruptcy Rules 6006(c) and 6007(a)**

19. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rules 6006(c) and 6007(a).

### **Reservation of Rights**

20. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, other than the relief requested in the Motion; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or

7

4855-4774-5722

limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the requested relief, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### Notice

21.    The Debtors will provide notice of this motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the DIP Lender; (d) the lenders under the Debtors' prepetition term loan agreement; (e) the counterparties to the Excluded Leases; (f) the Successful Bidder; (g) United States Attorney's Office for the Northern District of Texas; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 6th day of May, 2024.

**GRAY REED**

By: */s/ Lydia R. Webb*
Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
akaufman@grayreed.com
lwebb@grayreed.com
*Counsel to the Debtors
and Debtors in Possession*

## Certificate of Service

I certify that on May 6, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Lydia R. Webb*
Lydia R. Webb

4855-4774-5722

**Exhibit A**

**Proposed Order**

4855-4774-5722

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | § § § | Case No. 24-80035 (SWE) |
| Debtors. | § § § § | (Jointly Administered) |
| | § | **Re: Docket No. __** |

### ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN LEASES, (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PROPERTY, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), (a) authorizing the rejection of certain leases set forth on **Exhibit 1** hereto, (b) authorizing the abandonment of any *de minimis* equipment, furniture, and other personal property, and (c) granting related relief, all as more fully set forth in

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4855-4774-5722

the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The leases set forth on **Exhibit 1** hereto are rejected effective as of the date set forth therein.

3. The Debtors are authorized to abandon property, if any, that does not constitute Purchased Assets under the APA (as defined in the Motion), that may be located at the premises and all such property is deemed abandoned effective as of the date set forth on **Exhibit 1**. The applicable counterparty to each lease may effectuate its rights and remedies with respect to such property. The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

4855-4774-5722

4. Approval of this Order will not prevent the Debtors from seeking to assume or reject an executory contract or unexpired lease by separate motion or pursuant to a chapter 11 plan.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an executory contract or lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular executory contract or lease is terminated and is no longer an executory contract or unexpired lease, respectively.

7. Notwithstanding the relief granted in this Order pursuant to the Motion and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that

3

may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(c) and 6007(a), and the Local Rules are satisfied by such notice.

10. The requirements of Bankruptcy Rule 6006(f) have been satisfied.

11. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
             akaufman@grayreed.com
             lwebb@grayreed.com

*Counsel to the Debtors
and Debtors in Possession*

4

4855-4774-5722

# Exhibit 1

## Rejected Leases

| **Debtor Counterparty** | **Description of Lease** | **Abandoned Personal Property** | **Rejection Date** |
|---|---|---|---|
| Cottonwood Financial Texas, LLC | Store 7131, located at 2600 S. Kirkwood Rd., Ste. 300, Houston, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 729, located at 5949 Broadway Blvd., Ste. 140, Garland, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 710, located at 301 E US Highway 82 Ste D-1, Sherman, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 233, located at 5630 Washington Ave Ste 9, Racine, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 783, located at 6921 Lakeview Haven Drive Ste. 100, Houston, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 709, located at 1922 E Southeast Loop 323 Ste 1912, Tyler, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 727, located at 1517 Interstate 35 N. Ste. 110, Waco, TX | Safe; filing cabinet(s) | May 31, 2024 |

4855-4774-5722

| **Debtor Counterparty** | **Description of Lease** | **Abandoned Personal Property** | **Rejection Date** |
|---|---|---|---|
| Cottonwood Financial Idaho, LLC | Store 806, located at 589 E. 17th St., Idaho Falls, ID | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 715, located at 811 Hillcrest Dr, Vernon, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7103, located at 2050 W University Dr Ste 130, McKinney, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7231, located at 7600 N. MacArthur Blvd., Ste. 150, Irving, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Idaho, LLC | Store 812, located at 1850 Caldwell Blvd, Ste 150, Nampa, ID | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 223, located at 421 Main St W, Ashland, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 203, located at 1111 N. Sherman Ave., Madison, WI | Safe; filing cabinet(s) | May 31, 2024 |

2

4855-4774-5722

| Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|
| Cottonwood Financial Wisconsin, LLC | Store 219, located at 135 S. Water St., Platteville, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 221, located at 37885 Selch Rd Ste 101, Prairie du Chien, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 234, located at 1907 Market Way, Ste. G, Watertown, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 237, located at 530 Walton Dr., Plymouth, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Wisconsin, LLC | Store 206, located at 1931 N Shawano St Ste 250, New London, WI | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 728, located at 1301 W Glade Rd Ste 144, Euless, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 750, located at 5345 N Garland Ave Ste 380, Garland, TX | Safe; filing cabinet(s) | May 31, 2024 |

3

| **Debtor Counterparty** | **Description of Lease** | **Abandoned Personal Property** | **Rejection Date** |
|---|---|---|---|
| Cottonwood Financial Texas, LLC | Store 7105, located at 721 Hebron Pkway, Ste 110, Lewisville, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 721, located at 4045 S Great Southwest Pkwy Ste 117, Grand Prairie, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7185, located at 27676-C Tomball Parkway, Tomball, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7511, located at 2207 Hwy 79 S, Henderson, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7143, located at 6387 Camp Bowie Blvd Ste A., Fort Worth, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7133, located in Rockport, TX | Safe; filing cabinet(s) | May 31, 2024 |
| Cottonwood Financial Texas, LLC | Store 7198, located at 2005 S Washington Street, Kaufman, TX | Safe; filing cabinet(s) | May 31, 2024 |

4

4855-4774-5722

| Debtor Counterparty | Description of Lease | Abandoned Personal Property | Rejection Date |
|---|---|---|---|
| Cottonwood Financial Administrative Services, LLC | Lease Agreement, dated as of April 30, 2021, by and between 1901 Gateway Holdings, LLC and Cottonwood Financial Administrative Services, LLC, as amended by that certain Notice of Lease Renewal, dated January 5, 2023, and that certain Notice of Lease Renewal, dated October 4, 2023. | None | April 30, 2024 |

5

4855-4774-5722