

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 7, 2024**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| COTTONWOOD FINANCIAL LTD., *et al.*,[1] | Case No. 24-80035 (SWE) |
| Debtors. | (Jointly Administered) |

### FINDINGS OF FACT, CONCLUSIONS OF
### LAW AND ORDER (I) APPROVING DISCLOSURE
### STATEMENT ON A FINAL BASIS AND (II) CONFIRMING
### DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

Upon the *Debtors' Joint Chapter 11 Plan of Liquidation* [originally appearing at Docket

No. 353, with the final solicitation version appearing at Docket No. 375], as it may be amended or

supplemented from time to time (the "Plan")[2] and the *Disclosure Statement Regarding Debtors'*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: Cottonwood Financial Ltd. (1001); Cottonwood Financial Administrative Services, LLC (7228); Cottonwood Financial Texas, LLC (9059); Cottonwood Financial Idaho, LLC (5651); Cottonwood Financial Wisconsin, LLC (7075). The Debtors' principal offices are located at 2100 W Walnut Hill Lane, Suite 300, Irving, TX 75038.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

*Joint Chapter 11 Plan* [originally filed at Docket No. 352 with the proposed final solicitation version appearing at Docket No. 374] (the "<u>Disclosure Statement</u>"); and the Plan and Disclosure Statement having been distributed or made available to holders of Claims and Equity Interests and other parties in interest as provided in the Solicitation Order;[3] and upon the Plan Supplement and related exhibits filed by the Debtors on July 19, 2024 [Docket No. 388], as amended on August 5, 2024 [Docket No. 408]; and upon the hearing to approve the Disclosure Statement on a final basis and consider confirmation of the Plan conducted on August 7, 2024 (the "<u>Confirmation Hearing</u>"); and good and sufficient notice of the Plan, the Disclosure Statement, the Plan Supplement and the Confirmation Hearing having been provided to holders of Claims and Equity Interests in accordance with title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>") and the orders of this Court, as established by the certificates of service filed with the Court (the "<u>Certificates of Service</u>"),[4] and such notice being sufficient under the circumstances and no other or further notice being required; and after full consideration of (i) the declaration filed by Karen Nicolaou, the Debtors' Chief Restructuring Officer, in support of confirmation [Docket No. 409] and further testimony adduced at the Confirmation Hearing and (ii) the *Tabulation of Votes in Connection with Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 406] (the "<u>Ballot Tabulation</u>"); and upon the objection to confirmation of the Plan filed by the U.S. Trustee [Docket No. 396] (the

---

[3] *See Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Confirmation Hearing to Consider Final Approval of the Disclosure Statement and Confirmation of the Debtors' Plan, (III) Approving the Solicitation Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief* [Docket No. 373] (the "<u>Solicitation Order</u>").

[4] *See* Docket Nos. 381 (Certificate of Service for mailing Solicitation Order and Confirmation Hearing Notice), 384 (Certificate of Service for mailing of Solicitation Packages), 387 (Certificate of Service for publication notice) and 400 (Certificate of Service for mailing of Plan Supplement).

4869-2235-4129

"Objection"); and upon the Debtors' reply to the Objection [Docket No. 402] (the "Reply"); upon the entire record of these Chapter 11 Cases, the record made at the Confirmation Hearing and the arguments of counsel and all of the evidence adduced thereat; and the Court having determined, based upon all of the foregoing, that the Plan should be confirmed and the Disclosure Statement should be approved on a final basis; and after due deliberation and good cause appearing therefor, the Court hereby

## FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:

A.    Findings and Conclusions. The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

## JURISDICTION AND VENUE

B.    Jurisdiction, Venue, Core Proceeding. This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Consideration of whether the Disclosure Statement and the Plan comply with the applicable provisions of the Bankruptcy Code constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). This Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CHAPTER 11 CASES

C.    Commencement of the Chapter 11 Cases. On February 25, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

In accordance with the Court's *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 65], these Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed in these Chapter 11 Cases.

       D.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

## <u>SOLICITATION AND NOTICE</u>

       E.    <u>Solicitation and Notice</u>. The Plan, the Disclosure Statement, Plan Supplements, and the other materials distributed by the Debtors in connection with solicitation of the Plan were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, with the Local Rules, and with the procedures set forth in the Solicitation Order. As described in the Nicolaou Declaration and the Certificates of Service (a) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order was timely provided in compliance with the Bankruptcy Rules and the Solicitation Order.

       F.    <u>Voting</u>. Votes on the Plan were solicited after disclosure to holders of Claims and Equity Interests of "adequate information" as defined in section 1125 of the Bankruptcy Code. As

4869-2235-4129

evidenced by the Nicolaou Declaration and the Ballot Tabulation, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

G.    <u>Plan Modifications</u>.  Modifications to the Plan, as well as other settlements and resolutions announced on the record at the Confirmation Hearing, all of which are reflected herein, do not materially or adversely affect or change the treatment of any Claim or Equity Interest and are hereby approved.

**THE DISCLOSURE STATEMENT CONTAINS
<u>ADEQUATE INFORMATION</u>**

H.    <u>Adequate Information</u>. The Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125(a).

**COMPLIANCE WITH THE REQUIREMENTS OF
<u>SECTION 1129 OF THE BANKRUPTCY CODE</u>**

I.    <u>Burden of Proof.</u>  The Debtors have met their burden of proving the elements of sections 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

J.    <u>Bankruptcy Rule 3016</u>.  The Plan is dated and identifies the Debtors as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).  The Debtors appropriately filed the Disclosure Statement and the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction, release, and exculpation provisions in the Disclosure Statement and the Plan describe, with specific and conspicuous language, all acts to be enjoined, released, and exculpated and identify the entities that will be subject to the injunction, releases, and exculpations, thereby satisfying Bankruptcy Rule 3016(c).

K.      <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan

complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section

1129(a)(1) of the Bankruptcy Code.

(i)      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  As required by

section 1123(a)(1) of the Bankruptcy Code, in addition to the DIP Facility Claim, Administrative

Claims (including Professional Fee Claims) and Priority Tax Claims, which are addressed by

Article II of the Plan and need not be classified, Article III of the Plan designates six (6) Classes

of Claims against, and Equity Interests in, the Debtors.  As required by section 1122(a) of the

Bankruptcy Code, the Claims and Equity Interests placed in each Class are substantially similar to

other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual,

and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests

created under the Plan, and such classifications do not result in unfair discrimination between

holders of Claims and Equity Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of

the Bankruptcy Code.

(ii)     <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Articles III and

V.A. of the Plan specify that Class 1 is unimpaired under the Plan, thereby satisfying

section 1123(a)(2) of the Bankruptcy Code.

(iii)    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article

III and V.A. of the Plan specify that Classes 2, 3, 4, 5, and 6 are impaired and Article IV of the

Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the

Bankruptcy Code.

(iv)     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  Article IV of the Plan provides

for the same treatment under the Plan for each Claim or Equity Interest in each respective Class

unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)    <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan and the various documents included in the Plan Supplement provide for adequate and proper means for the Plan's implementation including, without limitation, (a) sources of consideration for Plan distribution, (b) the cancellation of Equity Interests, (c) authorizing the corporate dissolution of the Debtors by the Wind Down Officer, (d) the reservation, and transfer to the Prepetition Secured Lender, of the Retained Causes of Action, and (e) the execution, delivery, filing, or recording of all contracts, securities, instruments, releases, and other agreements or documents related to the foregoing, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)    <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  Because the Debtors are liquidating, the prohibition on the issuance of nonvoting equity securities, as required by section 1123(a)(6) of the Bankruptcy Code, is not applicable.

(vii)    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  Article VI of the Plan provides the Wind Down Officer shall replace all employees, officers, managers, and directors of all governing bodies for all Debtors.  These provisions are consistent with the interests of holders of Claims and Equity Interests and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

L.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

4869-2235-4129

(i)     <u>Impairment/Unimpairment of Any Class of Claims or Interests</u> (§ 1123(b)(1)).  Pursuant to the Plan, Class 1 is unimpaired and Classes 2, 3, 4, 5, and 6 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

(ii)     <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>.  Article VIII of the Plan provides for the rejection of the Debtors' remaining executory contracts and unexpired leases (if any), effective as of the Effective Date, except for any executory contract or unexpired lease that (a) was previously assumed, assumed and assigned or rejected pursuant to an Order of the Bankruptcy Court entered on or before the Confirmation Date, (b) previously expired or terminated by its own terms or (c) is the subject of a motion to assume, assume and assign or reject filed on or prior to the Confirmation Date.

(iii)     <u>Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3))</u>.  In consideration for the distributions and other benefits provided under the Plan and with the support of the various creditors, stakeholders, and other parties in interest, the provisions of the Plan constitute a good-faith compromise of all Claims, Equity Interests, Causes of Action, as applicable, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan. Those settlements and compromises are fair, equitable, and reasonable and approved as being in the best interests of the Debtors and their Estates.

(iv)     <u>Modification of the Rights of Holders of Claims (11 U.S.C. § 1123(b)(5))</u>. Article IV of the Plan modifies or leaves unaffected, as the case may be, the right of holders of each class of Claims and Equity Interests.

(v)     <u>Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))</u>.  The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code

including, without limitation, provisions for (a) distributions to holders of Claims and Equity Interests, (b) releases by Debtors of certain parties, and (c) exculpations of certain parties.

M.    <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>.  The Plan does not contemplate the cure of any defaults.  Thus, section 1123(d) of the Bankruptcy Code is not applicable.

N.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtors have complied with the applicable provisions of the Bankruptcy Code.  Specifically:

(a)    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code;

(b)    The Debtors have complied with all provisions of the Bankruptcy Code and Bankruptcy Rules, except as otherwise provided or permitted by orders of this Court; and

(c)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating the votes on the Plan.

O.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, the record made at the Confirmation Hearing and the other proceedings in these Chapter 11 Cases.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and to effectuate a liquidation of the Debtors.  The Plan was negotiated at arm's-length among representatives of the Debtors, the Prepetition Secured Lender, and the DIP Lender.  Further, the Plan's classification, distribution, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's-length.  Such provisions are consistent with sections 105, 1122, 1123(b)(6), 1125, 1129, and 1142

of the Bankruptcy Code, are each necessary for the success of the Plan, and were not included in the Plan for any improper purpose.

P.      <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.    Any payment to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.      <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.    The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.    The Debtors have disclosed the identity and nature of compensation of the Wind Down Officer, whose appointment is consistent with the interests of holders of Claims and Equity Interests and with public policy.

R.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtors.

S.      <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.    The liquidation analysis attached as <u>Schedule 1</u> to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced at, prior to, or in connection with, the Confirmation Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that holders of Allowed Claims and Equity Interests in each Class will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such holder would receive if the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

T.    <u>Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Class 1 is unimpaired by the Plan and holders of Claims in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Classes 4, 5, and 6 are impaired by the Plan and are conclusively deemed to have rejected the Plan.  As established by the Ballot Tabulation, (i) Class 3 is impaired by the Plan and as no votes were received, has rejected the Plan and (ii) Class 2 is impaired by the Plan and has voted to accepted the Plan in accordance with section 1126(d) of the Bankruptcy Code.  Therefore, Section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to Classes 1 and 2.  As discussed below, the Plan satisfies the "cram down" requirements of section 1129(b) of the Bankruptcy Code, and the Plan may be confirmed notwithstanding the deemed rejection by Classes 3, 4, 5, and 6.

U.    <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

V.    <u>Acceptance By at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>.  As described above and in the Nicolaou Declaration and Ballot Tabulation, Class 2 was impaired and voted to accept the Plan in the requisite number and amount.  Section 1129(a)(10) is, therefore, satisfied.

W.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Debtors are liquidating pursuant to the Plan in a manner that complies with the priority scheme and other provisions of the Bankruptcy Code and other applicable law.  As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

X.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been

or will be paid by the Debtors on the Effective Date pursuant to Article II of the Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

Y.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors do not pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code and section 1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

Z.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

AA.     Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

BB.     No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  The Debtors are not non-profit corporations or trusts.  Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

CC.     Confirmation Over Nonacceptance of Impaired Classes (11 U.S.C. § 1129(b)). Notwithstanding the fact that Classes 3, 4, 5, and 6 have not accepted the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because (a) Class 2, a Class comprised of creditors whose Claims are Impaired, voted to accept the Plan; (b) the Plan does not discriminate unfairly and is fair and equitable with respect to the Claims and Equity Interests in the Classes 3, 4, 5, and 6; (c) the Plan has been proposed in good faith and is reasonable; (d) with respect to Class 3, the Plan meets the requirements that (i) the holder of any Other Secured Claim receive their Collateral subject to applicable Liens on the Effective Date; and (ii) to the extent the

value of the Collateral is insufficient to satisfy the Other Secured Claim, the holder of such Other

Secured Claim will receive a Class 4 General Unsecured Claim for the remaining portion of its

Other Secured Claim; and (e) with respect to Classes 4, 5, and 6, the Plan meets the requirements

that (i) no holder of any Claim or Equity Interest that is junior to each such Classes will receive or

retain any property under the Plan on account of such junior Claim or Equity Interest and (ii) no

holder of a Claim or Equity Interest in a Class senior to such Classes is receiving more than 100%

on account of its Claim.  As a result, the Plan satisfies the requirements of section 1129(b) of the

Bankruptcy Code.

DD. <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan subject to

confirmation.  Section 1129(c) of the Bankruptcy Code has been satisfied.

EE. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities

Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

FF. <u>Not Small Business Cases (11 U.S.C. § 1129(e))</u>.  These Chapter 11 Cases are not

small business cases and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in

these Chapter 11 Cases.

## <u>COMPLIANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE</u>

GG. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the

Court in these Chapter 11 Cases, the Exculpated Parties have acted in "good faith" within the

meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with

all of their respective activities arising out of, relating to or connected with the administration of

the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the

4869-2235-4129

preparation and solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan, the administration of the Plan and the property to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

## COMPLIANCE WITH SECTION 1126 OF THE BANKRUPTCY CODE

HH.   <u>Acceptance of Plan (11 U.S.C. § 1126)</u>.  As set forth in the Nicolaou Declaration and in the Ballot Tabulation, Class 2 has voted to accept the Plan, in accordance with the requirements of section 1126 of the Bankruptcy Code.

## PLAN IMPLEMENTATION

II.   The terms of the Plan are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

JJ.   The Plan and this Confirmation Order have been negotiated in good faith and at arm's-length and, subject to the occurrence of the Effective Date, shall bind any holder of a Claim or Equity Interest and such holder's respective successors and assigns, whether or not the Claim or Equity Interest is Impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan.  The Plan and this Confirmation Order constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms.  Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

KK.   All documents and agreements necessary to implement the transactions contemplated by the Plan, including those contained or summarized in the Plan Supplement, and

all other relevant and necessary documents have been negotiated in good faith and at arm's-length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law.  The documents and agreements are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtors, the estates, and the holders of Claims and Equity Interests.  The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements.  The Debtors are authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

LL.    The Debtors have exercised sound business judgment in reject each of their remaining executory contracts and unexpired leases pursuant to Article VIII.H. of the Plan.

## EXCULPATIONS, INJUNCTIONS, RELEASES AND GATEKEEPER

MM.    The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the exculpation, injunctions, stays, releases and gatekeeping provisions set forth in Article VIII of the Plan, as modified herein.  Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and injunctions set forth in Article VIII of the Plan (as modified herein) if, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the settlement, and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' estates, (iii) are fair, equitable and reasonable, and (iv) are in the best interests of the Debtors, their estates,

and parties in interest.[5]  Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, injunctions, and gatekeeping provisions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors and their estates, creditors and equity holders.

NN.    The releases of non-Debtors under the Plan are fair to holders of Claims and Equity Interests and are necessary to the proposed reorganization.  Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases.  The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the releases, exculpation, injunctions, and gatekeeping provisions provided for Article VIII of the Plan, which are appropriately tailored to protect the Exculpated Parties from unnecessary litigation and contain appropriate carve outs for gross negligence, actual fraud, and willful misconduct.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

OO.    The injunction provisions set forth in Article VIII of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the discharge, the release provisions of the Plan, including the release, exculpation, and gatekeeping provisions of the Plan.  Such injunction provisions are appropriately tailored to achieve those purposes.

---

[5] The releases in Article VIII.C. of the Plan are releases by the Debtors of various third parties.  They are not "third party releases" in the true sense of the word, in that no third parties are providing releases or being compelled to give releases to other third parties.  Similarly, the injunction in Article VIII.D. of the Plan merely implements the exculpations in Article VIII.B. of the Plan and otherwise enforces the Plan as whole.

4869-2235-4129

PP.    Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpation, and releases set forth in Article VIII of the Plan are consistent with the Bankruptcy Code and applicable law.

## **OTHER FINDINGS**

QQ.    <u>Conditions Precedent to Confirmation</u>.  The conditions precedent to confirmation set forth in Article VII.A. of the Plan have been satisfied.

RR.    <u>Retention of Jurisdiction</u>.  This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article IX of the Plan and section 1142 of the Bankruptcy Code.

SS.    <u>Objections</u>.  All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections.

## **THE PLAN SATISFIES CONFIRMATION REQUIREMENTS**

TT.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and shall be confirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    <u>Disclosure Statement Approved on a Final Basis</u>.  The Disclosure Statement is hereby approved, on a final basis, as having adequate information pursuant to section 1125(a) of the Bankruptcy Code.

2.    <u>Confirmation</u>.  The Plan, as modified hereby, shall be, and hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code.

3.    <u>Solicitation and Notice</u>.  Notice of the Confirmation Hearing and the solicitation of votes on the Plan: (a) complied with the terms of the Solicitation Order; (b) were appropriate and

4869-2235-4129

satisfactory based upon the circumstances of the Debtors' Chapter 11 Cases; and (c) were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4.      Objections.  All objections to the Plan not otherwise withdrawn at or prior to the Confirmation Hearing are overruled for the reasons articulated by the Court on the record at the Confirmation Hearing.

5.      Binding Effect.  Pursuant to section 1141(a), and except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtors and such holder's respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

6.      Plan Classification Controlling.  The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots submitted in connection with voting on the Plan: (a) were solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors for any purpose other than voting on the Plan.

7.      Distribution Under the Plan.  All distributions under the Plan shall be made in accordance with Article IV.B. and Article VI of the Plan.

8.      Transfer of Retained Causes of Action. On the Effective Date, the Debtors shall execute and deliver to the Prepetition Secured Lender the form of assignment attached to the Plan Supplement whereby all of the Retained Causes of Action described in the Plan Supplement are

transferred and assigned to the Prepetition Secured Lender.  The transfer and assignment of the Retained Causes of Action to the Prepetition Secured Lender shall be free and clear of all liens, claims and encumbrances except as otherwise specifically provided in the Plan.  Upon delivery of the assignment, the Prepetition Secured Lender shall be deemed the owner of the Retained Causes of Action with full power and authority to prosecute the Retained Causes of Action for its sole benefit.

9.      Vesting of Assets (11 U.S.C. § 1141(b), (c)).  As set forth in Article VIII.A. of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the Estates' Assets (other than the Retained Causes of Action transferred to the Prepetition Secured Lender pursuant to the Plan) shall vest in the Debtors, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except (i) as provided in the Plan and (ii) the liens and security interests granted to the Prepetition Secured Lender under its loan documents and under the DIP Order.

10.      Dissolution of the Debtors.  Upon the distribution and disposition of all assets of the Debtors' Estates pursuant to the Plan, the Debtors shall be deemed dissolved for all purposes, without the necessity for any further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; *provided, however,* that the Wind Down Officer shall file with the appropriate state authority(ies) a certificate of dissolution, if necessary.  Notwithstanding the above, the Wind Down Officer may take appropriate action to dissolve the Debtors at any time prior to the distribution and disposition of all assets of the Debtors' Estates, if the Wind Down Officer finds the same to be in the best interests of the Estates and their beneficiaries.

11.      Notice of Entry of Confirmation Order and Occurrence of Effective Date.  Within five (5) Business Days after the Effective Date, the Debtors shall file with the Bankruptcy Court

and serve on all parties in interest in these Chapter 11 Cases notice of: (i) entry of this Confirmation Order and occurrence of the Effective Date; and (ii) the last date to file requests for payment of Administrative Claims pursuant to Article II.B. of the Plan and Professional Fee Claims pursuant to Article II.C. of the Plan.

12.      <u>Administrative Claims</u>.      Except as otherwise provided in the Plan or this Confirmation Order, requests for payment of Administrative Claims must be filed no later than the Administrative Claims Bar Date.  Holders of Administrative Claims that are required to file and serve a request for such payment of such Administrative Claims that do not file and serve such a request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date.

13.      <u>Professional Fee Claims</u>.  Unless otherwise excused by an order of the Bankruptcy Court, Every Professional Person holding a Professional Fee Claim that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the Administrative Claims Bar Date.  Any such final fee application shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  The last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee application has been filed with the Bankruptcy Court.  All final fee applications shall be set for hearing on the same day, as the Court's calendar permits, after consultation with counsel to the Debtors.  Allowed Professional Fee Claims shall be paid in accordance with and pursuant to Article II.C. of the Plan.

4869-2235-4129

14.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.    Pursuant to Article

VIII.H. of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release,

indenture or other agreement or document entered into in connection with the Plan, each Debtor

is hereby deemed to have rejected each executory contract and unexpired lease to which it is a

party, unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected

by the Debtors, (ii) previously expired or terminated pursuant to its own terms, (iii) is the subject

of a motion to assume, assume and assign, or reject filed by the Debtors on or before the

Confirmation Date.  This Confirmation Order shall constitute approval, pursuant to sections 365(a)

and 1123(b) of the Bankruptcy Code, of the rejection of executory contracts and unexpired leases

as described above upon the occurrence of the Effective Date.  Such rejection shall be legal, valid,

and binding upon the applicable Debtor and all non-Debtor counterparties to such contracts or

leases and satisfies the requirements of section 365 of the Bankruptcy Code including, without

limitation, section 365(d)(4).

15.    <u>Setoff Rights</u>. Notwithstanding anything to the contrary herein, nothing in the Plan

or the Confirmation Order shall modify the rights, if any, of any counterparty to an Executory

Contract or Unexpired Lease to assert any right of setoff or recoupment that such party may have

under applicable bankruptcy law or non-bankruptcy law, including, but not limited to, the

(i) ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms

of their Unexpired Lease(s) with the Debtors under the Plan, (ii) assertion of rights of setoff or

recoupment, if any, in connection with Claims reconciliation, or (iii) assertion of setoff or

recoupment as a defense, if any, to any Claim or action by the Debtors, the Prepetition Secured

Lender, or any successors of the Debtors.  For the avoidance of doubt, the intent of this provision

4869-2235-4129

is not to create any new or additional rights of setoff or recoupment but only to clarify that all existing rights, if any, under applicable bankruptcy law or non-bankruptcy law are preserved.

16.    <u>General Authorization</u>.  Upon the Effective Date, all action contemplated under the Plan shall be deemed authorized and approved in all respects.  All matters provided for in the Plan involving the structure of the Debtors, and any action required by or in connection with the Plan, shall be deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

17.    <u>Payment of Statutory Fees</u>.  All fees pursuant payable under 28 U.S.C. § 1930 shall be paid on the Effective Date and thereafter, as appropriate.

18.    <u>Governmental Approvals Not Required.</u>  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

19.    <u>Provisions Relating to Governmental Units.</u> Nothing in this Confirmation Order or the Plan discharges, releases, precludes, or enjoins: (a) any liability to any Governmental Unit that is not a Claim; (b) any Claim of a Governmental Unit arising on or after the Effective Date; (c) any police or regulatory liability to a Governmental Unit on the part of any Person as the owner, permittee, or operator of property after the Effective Date; or (d) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Confirmation Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing outside this Court, any liability described in the preceding sentence. Nor shall anything in this Confirmation Order or the Plan divest any tribunal of any jurisdiction to adjudicate any claim, liability, or defense described in this paragraph of the Confirmation Order.

20.    Provisions Relating to Priority Tax Claims.

(a)    Article II.E.(c) of the Plan is hereby modified to read as follows, to add the language appearing in <u>bold double underline</u>:

> <u>Payment</u>.  Allowed Priority Tax Claims shall be paid **<u>in full in Cash</u>** from the Priority Claim Reserve **<u>on (or as soon as reasonably practicable after) the later of (A) the Effective Date or (B) fifteen (15) days after such Priority Tax Claim becomes Allowed.</u>**  To the extent amounts remaining in the Priority Claim Reserve are insufficient to pay the Allowed Priority Tax Claims in full, the Debtors shall provide written notice to the Prepetition Secured Lender, and the Prepetition Secured Lender shall have five (5) business days to raise objection to the proposed payment out of the Debtors' remaining Cash.

(b)    Article II.E.(e) of the Plan is hereby modified to read as follows, to add the language appearing in <u>bold double underline</u>:

> <u>Interest</u>.  To the extent interest is required to be paid on any Priority Tax Claim, the rate of such interest shall be the rate determined under applicable nonbankruptcy law, as set forth in section 511 of the Bankruptcy Code.  To the extent the holder of an Allowed Priority Tax Claim has a Lien on a Debtor's Assets, including the proceeds thereof pursuant to the Sale Order, such Lien shall remain in place until such Allowed Priority Tax Claim has been paid in full.  **<u>Allowed Priority Tax Claims secured by a Lien shall be paid in full, including applicable interest, in the order of such Claimant's lien priority, prior to payment of any unsecured Allowed Priority Tax Claim and any Allowed Priority Non-Tax Claim.</u>**

21.    <u>Filing and Recording</u>.  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state,

and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any assets of the Debtors' Estates to the Prepetition Secured Lender

22.     <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  All sale transactions consummated by the Debtors and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

23.     <u>Exculpation, Releases and Injunctions</u>.  The exculpations, releases and injunctions contained in Article VIII of the Plan are hereby approved except as otherwise modified herein.

4869-2235-4129

Notwithstanding the foregoing, no exculpation shall be granted that is in violation of Fifth Circuit authority.

24.  <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article VII of the Plan have been satisfied or waived pursuant Article VII.C. of the Plan.

25.  <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article IX of the Plan and section 1142 of the Bankruptcy Code.

26.  <u>Appeal of the Confirmation Order</u>.  Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or Disbursing Agent prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

27.  <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each;

25

*provided, however*, that in the event of any inconsistency among the Plan, the Disclosure Statement, any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern.  In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

28.    <u>Authorization to Consummate Plan/No Stay</u>.  Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 6004(h) and 7062, but subject to Article VII of the Plan, the Debtors are authorized to consummate the Plan upon entry of this Confirmation Order, and the Confirmation Order shall take effect on the date hereof.

# # # END OF ORDER # # #

4869-2235-4129

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:      (214) 954-4135
Facsimile:      (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                lwebb@grayreed.com

*Counsel to the Debtors*
*and Debtors in Possession*

4869-2235-4129